*In re* MARRIAGE OF CAROL J. REINES, Petitioner-Appellant, and EDWARD J. REINES, Respondent-Appellee.

First District (5th Division) No. 1—86—2010

Opinion filed May 12, 1989.—Rehearing denied July 3, 1989.

394

Richard S. Cohan, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Melvyn H. Berks, of Des Plaines, for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

This is an appeal by Carol J. Reines, petitioner, from an order of the circuit court denying her motion to vacate or modify the judgment of dissolution of petitioner's marriage to Edward Reines, respondent, as the judgment pertains to the disposition of the marital property. The circuit court entered the judgment of dissolution pursuant to a prove up and the presentation of petitioner and respondent's property settlement agreement, which agreement was incorporated in the judgment of dissolution. Petitioner moved to vacate or modify the judgment of dissolution on the grounds that material facts relating to respondent's assets were not disclosed to her, that petitioner was in effect represented by respondent's attorney, rather than by independent counsel, and that the trial court would not have otherwise entered the judgment had it known of the undisclosed material facts of respondent's assets. On the basis of the following, we reverse the trial court's order denying petitioner's motion to vacate the judgment.

The Reines' marital settlement agreement provided in pertinent part as follows:

"WHEREAS, the husband and wife each having made *full disclosure to the other of all their assets*:

WHEREAS, the husband and wife wish to enter into this Marital Settlement Agreement dealing with all property rights, child custody and support, maintenance and attorney's fees;

Therefore, in consideration of the foregoing premises and the following premises:

IT IS AGREED:

\* \* \*

## ARTICLE II
## WAIVER OF MAINTENANCE

The husband and wife in consideration of the mutual promises and undertakings set forth in this agreement, agree to waive against the other any and all claims for maintenance whether past, present or future.

## ARTICLE IV
## CHILD CUSTODY AND SUPPORT

The husband will pay to the wife, as and for the support of the minor children the sum of $530 per month. In addition the husband will pay all medical, dental and optical expenses for the minor children. The wife shall have the sole care, custody, education and control of the minor children \* \* \* with the husband to have liberal rights of visitation.

## ARTICLE V
## REAL ESTATE

The parties now own two parcels of real estate in joint tenancy located at 1509 North Kolin Avenue in Chicago being a two flat building and 6808 West Ardmore, Chicago, Illinois which is a single family home. The income from the Kolin property will be used first to pay the mortgages on both properties and monies in excess of said mortgages will be divided equally by the parties. The wife shall have the sole and exclusive right to reside in the Ardmore property. That both properties are to remain in joint tenancy. If said properties are sold either party shall have the first right to purchase the property. The wife shall have the right to reside in the Ardmore property until the children are emancipated.

## ARTICLE VI
## MUTUAL WAIVER

The husband and wife hereby waive any and all claims against

the other for maintenance, homestead, dower, and all other property rights, whether real, personal, or mixed, whether now owned or hereafter acquired including but not limited to any rights to the proceeds of any life insurance policies on the life of either party. Other than those rights and provisions hereto contained and reserved in this Marital Settlement Agreement each party is forever barred and foreclosed from asserting any of the aforesaid rights, which they have agreed to waive against the other." (Emphasis added.)

Following the dissolution of the marriage, petitioner, a secretary, moved to vacate or modify the judgment of dissolution as it pertained to the disposition of property and further sought a rule to show cause against respondent, a police officer, for allegedly failing to comply with the support provisions of the judgment of dissolution. In her petition to vacate or modify the judgment of dissolution, petitioner stated that she and respondent had retained the same attorney and that respondent had prepared a draft of the property division and directed the attorney to draft an agreement according to respondent's wishes. Petitioner alleged that she had not been informed of, nor had she received full disclosure of, all of respondent's assets when she entered into the marital settlement agreement.

Petitioner's section 2—1401 petition (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) alleged that the property settlement agreement signed by the parties failed to consider the various properties owned by them, or to designate marital as opposed to nonmarital property, or special equities, that the court was not advised of the facts which would lead to specific findings of the property classification; that substantial property and important facts were omitted from the agreement and were not referred to after prove up so that the court was unable to make any disposition with respect thereto.

The section 2—1401 petition further alleged that the marital settlement agreement was "manifestly unfair" to petitioner because respondent was thereby allowed to retain possession of a $9,000 boat without a similar credit to her; that respondent retained his undisclosed credit union account, his undisclosed pension and profit-sharing plans, undisclosed bonds and other undisclosed investments he purchased through payroll deductions, while no interest or equivalent provision was given petitioner for any of these undisclosed assets of respondent.

The section 2—1401 petition also alleged that no provision was made for various life insurance policies maintained by petitioner or for the college education of the parties' two teenage children. Also,

according to the petition, a portion of the rental income earned on the two-flat apartment building, which was a gift from petitioner's grandmother, was used to pay part of the mortgage payments on the marital residence, but petitioner received no recognition or benefit in the property settlement agreement for the nonmarital or special equitable interest she had in these two properties.

Petitioner also contended in her petition that she and respondent made separate oral agreements which were not reflected in the marital settlement agreement to the effect that petitioner and respondent were each responsible for payment of one-half of the remaining balance on the mortgage payments on the single-family marital dwelling which the rental income from the two-flat apartment building did not cover, and that respondent agreed to pay any repair costs arising on the single-family marital dwelling, but that respondent breached each of these oral agreements.

Additionally, petitioner alleged in her petition that her father had loaned petitioner and respondent $8,000 for the purchase of the single-family marital dwelling, but that no provision had been made for the division of proceeds in the event of the sale of the single-family marital dwelling.

Finally, the petition alleged that respondent had not complied with the child support obligations as provided in the marital settlement agreement and that petitioner was not provided sufficient information about respondent's wages or income to determine whether support payments were fair or proper within the guidelines of the court.

Petitioner's petition prayed for a rule against respondent to show cause why he should not be held in contempt of court for his failure to make monthly child support payments; that the judgment of dissolution be vacated or modified as to the property settlement agreement; and that the court permit discovery for the purpose of reassessing the proper allocation of marital and nonmarital property.

In response to petitioner's written interrogatories, respondent acknowledged that throughout 1985, $150 and $250 deductions were made from each of his paychecks as "miscellaneous" items; but he denied that he owned any stocks, bonds, debentures, certificates of deposit, interest in real estate, business interests or any other assets. Respondent also denied that he owned any interest in any property on which his name did not appear of record.

Petitioner amended her petition to vacate or modify the judgment of dissolution, and in her affidavit in support thereof she stated that there was no fiduciary relationship with her attorney, that although she was "technically being represented by counsel," "for all practical

purposes she was without legal counsel." The affidavit averred that respondent handled all the business and financial matters of their family and that she could only afford a divorce if it were conducted according to his terms or otherwise she would "lose everything"; that respondent selected the attorney, took petitioner to the attorney's office and provided the attorney with the information upon which the property settlement agreement was prepared and signed. The affidavit also alleged that petitioner was never shown respondent's payroll records as proof of his earnings and that the support payments ordered by the court were therefore based upon insufficient information.

Respondent told the attorney who represented them in the dissolution proceedings that his policeman's pension and retirement funds were unrelated to the divorce. Through discovery, and after retaining different counsel, petitioner learned of the previously undisclosed "miscellaneous" payroll deductions from respondent's payroll checks, which she maintained would have been a significant factor in the proper assessment of child support payments and the disposition of their property rights.

In response to petitioner's amended petition to vacate or modify the judgment of dissolution as it pertained to the disposition of property, respondent contended that petitioner had been represented by counsel during the dissolution proceedings and he appeared *pro se*. Respondent contended further that petitioner acknowledged both the existence of his various assets and her agreement to waive any and all interest therein; that the agreement was not unconscionable or fraudulent as petitioner alleged; and that the petition to vacate or modify the judgment of dissolution was insufficient at law.

Petitioner thereupon moved for an order to obtain full discovery and disclosure of the assets which the parties owned prior to the dissolution of their marriage in support of her amended petition to vacate or modify the judgment of dissolution and informed the court that she had repeatedly, to no avail, requested information about respondent's police pension and other benefits which he had not voluntarily produced. Further, the petition stated, no determination of the conscionability of the property division could be properly made without respondent's full disclosure of his assets.

The trial court struck petitioner's petition to vacate or modify the judgment of dissolution and denied her request for discovery. Petitioner moved for reconsideration of the court's order and contended that she was disadvantaged at the hearing on the motion to reconsider because she had still not received full disclosure of respondent's

assets and that in the absence of discovery she was handicapped in her attempts to argue the unconscionability of the property division. The trial court denied petitioner's motion for reconsideration.

On appeal, petitioner first contends that the trial court erred in striking her petition to vacate or modify the judgment of dissolution as it pertains to the disposition of property because the property settlement agreement was unconscionable and that she was therefore entitled to the equitable relief, vacation or modification of the judgment of dissolution as it pertained to the property settlement agreement, for which she prayed in her petition. We agree.

■ It is well settled that a court may vacate or set aside a settlement agreement entered pursuant to the Illinois Marriage and Dissolution of Marriage Act. (Ill. Rev. Stat. 1985, ch. 40, par. 502(b).) In *In re Marriage of Carlson* (1981), 101 Ill. App. 3d 924, 929-30, 428 N.E.2d 1005, the court stated:

> "Section 502(b) of the Illinois Marriage and Dissolution of Marriage Act [citation] has changed Illinois law with respect to determining the validity of separation agreements. [Citation.] Pursuant to section 502(b) the terms of a separation agreement, except those providing for the support, custody and visitation of children, are binding upon the court unless it finds that the agreement is *unconscionable*. However, this section does not eliminate many of the traditional grounds for setting aside settlement agreements, including fraud, coercion and violation of any rule of law, public policy or morals. [Citation.]" (Emphasis added.)

■ In *Carlson*, the court held that the judgment incorporating the settlement agreement "was properly vacated because the agreement is unconscionable." (101 Ill. App. 3d at 930.) The court stated the standard of unconscionability (as it is found in the Smith-Hurd historical and practice notes (1980), section 502(b)), to be:

> "[The] standard [of unconscionability] as it relates to separation agreements includes 'protection against overreaching, *concealment of assets*, and sharp dealing not consistent with the obligations of marital partners to deal fairly with each other.' *** In order to determine whether the agreement is unconscionable, the court may look to* the economic circumstances of the parties resulting from the agreement, and any other relevant evidence such as *the conditions under which the agreement was made, including the knowledge of the other party.*" (Emphasis added.) Ill. Ann. Stat., ch. 40, par. 502(b), Historical and Practice Notes, at 401 (Smith-Hurd 1980).

The court in *Carlson* stated further:

> "The term 'unconscionability' includes 'an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party.' [Citation.] A contract is unconscionable when it is improvident, totally one-sided or oppressive. [Citations.]" *Carlson*, 101 Ill. App. 3d at 930.

In this case *sub judice*, the trial court summarily denied petitioner's motion to conduct discovery to establish her claim that her husband had artfully concealed certain material property and assets, had dictated the terms of the settlement agreement and had employed his own attorney to effectuate these purposes, even though the attorney ostensibly appeared on the wife's behalf. In *In re Marriage of Lorenzi* (1980), 84 Ill. App. 3d 427, 405 N.E.2d 507, the trial court likewise denied a post-judgment petition to vacate or set aside a property settlement agreement and denied the petitioner an evidentiary hearing. The husband in *Lorenzi* testified at the uncontested hearing for divorce and related the terms of an oral settlement agreement with his wife in which they agreed that he would retain the marital home, pay various debts and receive all nonmarital property other than certain personal property belonging to the wife. The wife later moved to set aside the judgment of dissolution, contending that she was tricked in the proceeding and had not agreed to the division of the property as her husband had related it to the court. The husband filed affidavits in opposition to the wife's petition. The trial court entered findings of fact and accepted the affidavits of the husband to the effect that the property in question was premarital and that the wife therefore had no interest in that property. On appeal, however, the appellate court held that the affidavits of the husband were contradictory and should not have been resolved in a summary judgment hearing. The *Lorenzi* court stated:

> "It is apparent from both the petitions and answers thereto that the matters at issue were *dehors* the record and could not be determined by the court's examination of the record in this case. 'Section 72(2) of the Civil Practice Act [now designated as Ill. Rev. Stat. 1985, ch. 110, par. 2—1401], provides that, as to the matters not of record, the petition must be supported "by affidavit or other appropriate showing." This, together with section 69(2) of the Civil Practice Act (Ill. Rev. Stat. 1963, ch. 110, par. 69(2)), indicates that the evidence may be presented and the issues tried by affidavit, at least where the facts set forth in the affidavit do not controvert one another.' [Citation.]

Where, as here, however, the facts are controverted, the proof should be presented at an orderly hearing by examination of witnesses under oath, subject to cross-examination. [Citations.]" (Emphasis added.) 84 Ill. App. 3d at 432.

Similarly, in *Zieske v. Zieske* (1976), 41 Ill. App. 3d 746, 354 N.E.2d 513, the court held that the former husband was entitled to an evidentiary hearing where his section 72, currently section 2—1401, petition alleged that the former wife had failed to disclose to him certain material facts, including matters challenging the propriety of the property settlement agreement. The following provisions of the property settlement agreement in *Zieske* were also incorporated into the divorce decree and commenced with a recital similar to the agreement in the case *sub judice*:

" 'The parties hereto, after full disclosure of all pertinent facts, have amicably agreed to settle their respective rights and obligations.' " 41 Ill. App. 3d at 747.

Moreover, the husband's section 72, currently section 2—1401, petition in *Zieske*, alleged, *inter alia*:

"[P]laintiff, through coercion and fraud, forced defendant to enter into the agreement full well knowing its inequity. Defendant further stated that the parties met with plaintiff's attorney prior to the entry of the property settlement agreement in an attempt to reconcile their differences. At the time, defendant alleged that he believed the attorney was aiding both parties." 41 Ill. App. 3d at 747.

The *Zieske* court concluded:

" 'The law is well settled that parties to an action for divorce may adjust between themselves the amount required for the future support of a wife by a husband, and that they may, if such a course is desired, voluntarily effect a settlement of their property interests. [Citations.] When such agreements are made a part of the divorce decree, they become merged in such decree and are regarded as contracts between the parties which, if fairly made and in good faith, will be accepted and enforced by the courts. [Citations.] *They will, however, be set aside and vacated for fraud or coercion practiced by either party, or if contrary to any rule of law, public policy or morals.* [Citations.] *** [C]ontracts of such nature are, in theory, in furtherance of the duty incumbent upon a husband to support his wife. Thus the interest of the public, as well as that of the parties, is involved, and public policy requires that such contracts *be not only free from taint *** and sufficient,* having re-

gard to the station in life and the circumstances of the parties.' " (Emphasis added.) 41 Ill. App. 3d at 748.

The court in *Zieske* found that the trial court erred in not allowing the defendant to present testimony and evidence in support of his petition for post-judgment relief and held that "a complete evidentiary hearing is necessary to determine the justiciability of defendant's position." 41 Ill. App. 3d at 749.

■ In the present case, the record undisputedly reveals that respondent failed to disclose his interest in a pension and retirement plan based upon his 23-year tenure in the Chicago police department. The law clearly allows the evaluation of a spouse's pension plan for the purpose of apportioning marital assets. *In re Marriage of Fairchild* (1982), 110 Ill. App. 3d 470, 442 N.E.2d 557; *In re Marriage of Wisniewski* (1982), 107 Ill. App. 3d 711, 437 N.E.2d 1300; *In re Marriage of Kundit* (1982), 107 Ill. App. 3d 310, 437 N.E.2d 77; *In re Marriage of Evans* (1981), 85 Ill. 2d 523; *In re Marriage of Hunt* (1979), 78 Ill. App. 3d 653, 397 N.E.2d 511.

If the trial court in the instant case had been made aware of respondent's undisclosed pension benefits, the court could have and would have included the pension benefits in the couple's property settlement agreement. Moreover, petitioner's section 2—1401 petition brought to the attention of the court several other assets, respondent's credit union account, withdrawals from that account, payroll deductions from his salary as a police officer, bonds and other investments, which respondent failed to disclose prior to entering into the settlement agreement with petitioner. Petitioner was thus deceived into disclaiming any maintenance on the part of her husband.

In addition, the parties agreed that the income from the two-flat apartment building, a gift to petitioner from her grandmother, would be used to repay the mortgages on both the two-flat apartment building and the single-family marital residence and that respondent would keep the single-family dwelling in good repair. Respondent failed to repair the property according to his oral agreement with petitioner, which was not incorporated in the written property settlement agreement and the judgment of dissolution.

■ We conclude that the foregoing inequities, respondent's failure to disclose fully his assets, as well as his retention of an attorney who counseled both spouses, rendered the judgment of dissolution unconscionable by the standards enunciated in *Carlson* and *Zieske*. The trial court erred in refusing to inquire further into the assets and conduct of respondent to determine whether he had, as alleged by petitioner, concealed the existence of material assets.

Petitioner also contends that the trial court abused its discretion in denying her the right of discovery in pursuit of her claim that respondent failed to disclose fully his assets and thereby compromised the fairness and conscionability of the settlement agreement. We agree.

■ In the context of a section 2—1401 petition, the petitioner's right to discovery in order to support the petition with proof of the facts alleged therein has been upheld. In *People v. MacKay & Sons, Inc.* (1986), 141 Ill. App. 3d 137, 490 N.E.2d 74, the prosecution sought an order of contempt in a section 2—1401 proceeding against the defendant for failure to respond to the State's requests for discovery. The defendant contended that "there was no authority for discovery in a section 2—1401 proceeding." On appeal, the court in *MacKay* held that discovery should be permitted in a section 2—1401 proceeding to prevent a party from reaping a benefit from his own fraudulent conduct. 141 Ill. App. 3d at 140-41; *Gatto v. Walgreen Drug Co.* (1975), 61 Ill. 2d 513.

■ Respondent's response to petitioner's section 2—1401 petition to vacate or modify the judgment of dissolution did not deny that he had pressured his wife into acceptance of the settlement agreement on a "take it or leave it" basis, as she alleged. Nor did respondent deny that he retained an attorney to represent both his wife and himself. Therefore, as in *MacKay*, the trial court in the instant case should have permitted petitioner to proceed with discovery in support of her claim that the settlement agreement was procured by fraud or duress.

Petitioner lastly contends that her section 2—1401 petition was a proper method by which to attack the validity and fairness of the property settlement agreement which was incorporated into the judgment of dissolution. We agree.

■ In *In re Marriage of Carlson* (1981), 101 Ill. App. 3d 924, 428 N.E.2d 1005, the court set forth the basic elements entitling a party to relief from a dissolution of marriage judgment under section 72, currently section 2—1401, of the Civil Practice Act. The court granted the petitioner relief and stated, *inter alia*:

"A motion for relief under section 72 of the Civil Practice Act [citation] is addressed to the equitable powers of the court. [Citations.] Whether the petition should be granted lies within the sound discretion of the court and depends upon the facts and equities presented. [Citations.] *** Furthermore, this court is justified in disturbing the judgment of the trial court only when it finds that the discretion vested in the trial court has

been abused. [Citations.]" 101 Ill. App. 3d at 929.

Also, the court in *Zieske v. Zieske* (1976), 41 Ill. App. 3d 746, 748, 354 N.E.2d 513, ruled:

"Assuming sufficient grounds, relief from a divorce decree may be had through a petition filed under section 72 of the Civil Practice Act. [Citation.] A decree of divorce procured through the fraud of either party may be vacated or modified under the section. [Citation.]"

A motion to dismiss a section 2—1401 petition is tested by the same standards as any motion to strike or dismiss a pleading. A motion to strike or dismiss a pleading should be denied only when the well-pleaded allegations, considered in a light most favorable to the nonmovant, indicate that no set of facts could be proven upon which the petitioner would be entitled to the relief requested. (*Uptown Federal Savings & Loan Association v. Kotsiopoulos* (1982), 105 Ill. App. 3d 444, 449, 434 N.E.2d 476.) In addition, the motion to strike or dismiss is directed, not to the factual sufficiency of the pleadings, but to their legal sufficiency. *Browder v. Hanley-Dawson Cadillac Co.* (1978), 62 Ill. App. 3d 623, 379 N.E.2d 1206.

We conclude that petitioner's amended section 2—1401 petition, supported by affidavit, presented sufficient facts, if true, to entitle petitioner to relief from the property settlement agreement incorporated in the judgment of dissolution. *In re Marriage of Lorenzi* (1980), 84 Ill. App. 3d 427, 405 N.E.2d 507.

Further, respondent's motion to strike and dismiss the petition to vacate or modify the judgment of dissolution did not controvert the allegation in the petition that the written settlement agreement did not incorporate the terms of the aforesaid oral agreements between the spouses. This factor alone required the trial court to grant petitioner an evidentiary hearing under the holding of *Lorenzi*. 84 Ill. App. 3d 427.

The order of the trial court denying petitioner's section 2—1401 petition is reversed, and the portion of the judgment of dissolution of marriage as it pertained to the incorporated property settlement agreement is vacated. This cause is remanded for further proceedings on the issues raised in the petition.

Reversed and remanded.

LORENZ and COCCIA, JJ., concur.