572 N.E.2d 359 (1991)
213 Ill. App.3d 670
157 Ill.Dec. 290
In re ADOPTION OF BABY GIRLS MANDELL (Connie Mandell, Petitioner-Appellant, v. John Doe, et al., Respondents-Appellees; Vincent Robertelli, Guardian ad litem).
No. 2-90-1125.
Appellate Court of Illinois, Second District.
May 10, 1991.
John Steven Cole (on brief), Cole & Associates, Ltd., Elmhurst, for Connie Mandell.
Fortunate, Farrell & Davenport, Ltd. (on brief), Joel D. Arnold, Westmont, for John Doe.
Presiding Justice REINHARD delivered the opinion of the court:
Petitioner, Connie Mandell, filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (Ill.Rev.Stat.1989, ch. 110, par. 2-1401) in the circuit court of Du Page County seeking to vacate the judgment of adoption awarding custody of her two daughters to respondents, John and Mary Doe. Petitioner alleged that her consent to the adoption was invalid because it was given in return for monetary compensation. The circuit court granted respondents' motion pursuant to section 2-619(a)(5) of the Code (Ill.Rev.Stat.1989, ch. 110, par. 2-619(a)(5)) to dismiss the section 2-1401 petition, and petitioner now appeals.
Petitioner presents essentially two issues on appeal: (1) whether the 12-month limitation on actions seeking to void or revoke a consent to adoption in section 11 of "An Act in relation to the adoption of persons *360 * * *" (Adoption Act) (Ill.Rev.Stat. 1989, ch. 40, par. 1513) applies to the section 2-1401 petition filed herein; and (2) whether a consent to adoption given in return for valuable consideration renders void ab initio a judgment of adoption based on the consent. In addition, respondents have filed a motion with this court to strike certain portions of petitioner's brief. We have ordered that the motion and petitioner's objection thereto be taken with the case.
The following facts are taken from the well-pleaded allegations of plaintiff's section 2-1401 petition. As in any civil case, such allegations are regarded as true on review of the order granting the motion to dismiss. Glenn v. People (1956), 9 Ill.2d 335, 340-41, 137 N.E.2d 336; In re Marriage of Reines (1989), 184 Ill.App.3d 392, 404, 132 Ill.Dec. 654, 540 N.E.2d 394.
In September 1987, petitioner gave birth to twin daughters (the twins). The parental rights of the twins' father have been terminated. After the twins' birth, respondents contacted the petitioner seeking to adopt the twins for consideration of $8,000. One half of the $8,000 was to be paid to petitioner when she signed the consent to the adoption, and the other half was to be paid upon the entry of a judgment of adoption. Petitioner signed the consent to adoption on or about October 10, 1987, but was not paid the $4,000 agreed on at this time. It is alleged that, approximately six months later, a judgment of adoption was entered by the circuit court granting adoption of the twins to respondents. Following the entry of the judgment, petitioner was paid the $8,000 in three installments.
Petitioner filed her section 2-1401 petition on February 6, 1990, alleging that her consent to the adoption based on the exchange of money was in violation of statute (Ill.Rev.Stat.1989, ch. 40, par. 1702) and was, therefore, void. Petitioner asserted that, because the consent to the adoption was void, the judgment of adoption itself was void and should be vacated. Alleging that "the prohibited transaction(s) was the practice of a fraud upon this court and upon the people of Illinois," petitioner asked that she be granted custody of the twins or, in the alternative, that further proceedings on custody be initiated.
The circuit court appointed a guardian ad litem to represent the twins' interests in the proceedings.
Pursuant to section 2-619(a)(5) of the Code (Ill.Rev.Stat.1989, ch. 110, par. 2-619(a)(5)), respondents filed a motion to dismiss petitioner's section 2-1401 petition based on section 11 of the Adoption Act, which provides that actions to void or revoke a consent to adoption must be made within 12 months from the date of the consent. Respondents noted that the instant petition was filed more than two years after petitioner had given her consent to the adoption.
Petitioner's response to the motion to dismiss contended that her section 2-1401 petition was timely because it was filed within two years of the entry of the judgment of adoption. Petitioner contended that the two-year limitation on the filing of section 2-1401 petitions for relief from judgments is not affected by the Adoption Act's 12-month limitation on challenges to a consent to adoption. Petitioner further contended that the judgment of adoption was void because it was based on a consent which was void. Petitioner contended that section 11 of the Adoption Act has no limiting effect on her action because the judgment of adoption was purportedly void ab initio.
The trial court ruled that petitioner's action was barred by the requirement contained in section 11 of the Adoption Act that actions to void or revoke a consent to adopt must be brought within 12 months. The court therefore dismissed the section 2-1401 petition with prejudice.
We first examine petitioner's contention that the Adoption Act's 12-month limitation period does not apply to a section 2-1401 petition which seeks to vacate a judgment of adoption based on a consent obtained illegally in exchange for compensation (Ill.Rev.Stat.1989, ch. 40, pars. 1701 through 1705). Section 11 provides, in pertinent part, as follows:

*361 "§ 11. Consents, surrenders, irrevocability. A consent to adoption by a parent * * * executed and acknowledged in accordance with the provisions of Section 8 of this Act * * * shall be irrevocable unless it shall have been obtained by fraud or duress on the part of the person before whom such consent, surrender or other document equivalent to a surrender is acknowledged pursuant to the provisions of Section 10 of this Act or on the part of the adopting parents or their agents and a court of competent jurisdiction shall so find. No action to void or revoke a consent to or surrender for adoption, including an action based on fraud or duress, may be commenced after 12 months from the date the consent or surrender was executed." (Emphasis added.) (Ill.Rev.Stat.1989, ch. 40, par. 1513.)
The 12-month limitation on actions challenging consents was added effective August 19, 1983. See Pub. Act 83-138, § 3.
Petitioner contends that section 11 of the Adoption Act applies only to a "new" action to challenge the consent and contends that the instant proceeding, while not precisely a continuation of the original adoption action, is nevertheless not a "new" action. Therefore, petitioner argues, the 12-month limitation does not apply.
We believe that this patently untenable contention would render the Adoption Act's 12-month limitation period virtually meaningless. Section 11 does not support petitioner's distinction relating to a "new" action; it simply states that "[n]o action to void or revoke a consent * * * may be commenced after 12 months from the date of the consent." (Emphasis added.) (Ill. Rev.Stat.1989, ch. 40, par. 1513.) We believe this clear and unequivocal language leaves no room for petitioner's interpretation that section 11 does not apply to an action under section 2-1401. Even though an action under section 2-1401 may be brought within two years of the challenged judgment (see Ill.Rev.Stat.1989, ch. 110, par. 2-1401), section 2-1401 is applicable in a multitude of settings, while section 11 of the Adoption Act only applies to the subject of adoptions. Settled principles of statutory construction call for the specific to control over the general. (People v. Singleton (1984), 103 Ill.2d 339, 345, 82 Ill.Dec. 666, 469 N.E.2d 200.) Here, we find that the specific 12-month limitation of section 11 of the Adoption Act is controlling even if the action is brought under section 2-1401 of the Code.
Petitioner has framed the remaining issue on appeal in three parts: (1) whether the illegal payment of compensation for a consent to adoption renders the judgment of adoption void for lack of jurisdiction; (2) whether a section 2-1401 is a permissible but not exclusive method to attack a void judgment; and (3) whether a judgment based on a purportedly void consent can itself be attacked as void after the 12-month limitation on challenges to a consent to adoption has expired. We believe, however, that these three arguments can be effectively stated as one, essential contention: whether the failure to raise the purported illegality of the consent to adoption within the prescribed 12-month period forecloses a challenge to the judgment of adoption based on the consent.
The heart of petitioner's position on appeal is that the judgment of adoption is void and may be attacked at any time. However, all of petitioner's contentions in this regard are premised on her allegation that the consent to adoption was void. We have already concluded, however, that, even if the action is brought under section 2-1401, a challenge to the validity of the consent to adoption must be brought within 12 months. Petitioner's failure to attack the validity of the consent to adoption within this period is fatal to her attempt to attack the judgment, regardless of the means utilized. If the consent cannot be challenged, then petitioner's arguments based on the invalidity of the consent must necessarily fail.
Our decision in In re Adoption of Kindgren (1989), 184 Ill.App.3d 661, 132 Ill.Dec. 745, 540 N.E.2d 485, does not compel a contrary conclusion. In Kindgren, we held that a consent to adoption given in exchange for an illegal payment of money renders such consent void as against public policy. (Kindgren, 184 Ill.App.3d at 667, 132 Ill.Dec. at 749, 540 N.E.2d at 489.) *362 However, in Kindgren, unlike the instant case, it was the consent, not a judgment of adoption, which was challenged. Moreover, the challenge to the consent to adoption in Kindgren was apparently brought as part of the adoption proceedings and within the prescribed 12-month period. In the context of an action brought within the prescribed time period, the court in Kindgren held that the illegal payment of money rendered the consent void and provided a basis to strike the petition for adoption. Kindgren, 184 Ill.App.3d at 667, 132 Ill. Dec. at 749, 540 N.E.2d at 489.
Here, on the other hand, petitioner did not challenge the validity of her consent to adoption within the adoption proceedings or within the prescribed 12-month period. Thus, petitioner is barred under these circumstances from attempting to establish that the consent to adoption is void, and all of petitioner's contentions which are based on this premise, including her jurisdictional argument, must be rejected.
There is a strong public policy favoring the finality and stability of adoptions. (In re Adoption of Hoffman (1975), 61 Ill.2d 569, 578, 338 N.E.2d 862.) If petitioner wished to challenge the validity of her consent to adoption, she was required to do so within the time period prescribed in section 11 of the Adoption Act. Having failed to do so, petitioner cannot now circumvent this limitation by characterizing her action as a challenge to the judgment of adoption when her position is bottomed entirely on a challenge to the validity of her consent.
For these reasons, we conclude that the trial court correctly dismissed petitioner's section 2-1401 petition. Our conclusion makes it unnecessary for us to address respondents' motion to strike portions of petitioner's appellate brief.
The judgment of the circuit court of Du Page County is affirmed.
Affirmed.
INGLIS and UNVERZAGT, JJ., concur.