*In re* MARRIAGE OF DONNA J. GIDLUND, Petitioner-Appellant, and JAMES E. GIDLUND, Respondent-Appellee.

First District (3rd Division)   No. 1—91—1244

Opinion filed March 31, 1993.

Michael G. Miller, of Dominic R. Fichera & Associates, of Chicago, for appellant.

George W. Brooks, of Brooks, Hankins & Swiatkowski, Ltd., of Orland Park, for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

The petitioner, Donna Gidlund (Donna), appeals a post-judgment ruling to open up a portion, rather than all, of a dissolution of mar-

riage judgment by reason of the discovery of undisclosed assets and transactions surrounding those assets.

Donna's petition was brought pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401), and Supreme Court Rule 304(b)(3) (134 Ill. 2d R. 304 (b)(3)) confers jurisdiction upon us to determine whether the trial court's limited relief was appropriate.

Donna alleges that the trial court (1) should have set aside the entire judgment rather than merely open up a part to determine the parties' marital interests in additional assets; and (2) should have allowed her to pursue discovery pursuant to the order opening a portion of the judgment.

We affirm the trial court as to the relief allowed because of the great discretion that we repose in a trial court in this regard and provide directions for the parameters of discovery.

Donna and respondent, James Gidlund (James), were married for nearly 38 years. James was engaged in the construction and contracting business. In August 1988, a judgment for dissolution of marriage was entered predicated upon a property settlement agreement entered into between the parties which sought to dispose of all of their assets.

The property settlement agreement provided for disposition to Donna of the marital home; a $30,000 certificate of deposit; vacant lots in Tinley Park, Illinois, and Florida; a 50% interest in two apartment buildings in Lemont, Illinois; $25,750 in cash; $16,400 in payment of her attorney fees and discovery costs; and an equal division of James' pension rights.

Under the agreement, James was entitled to a vacant lot in Orland Park, Illinois; a laundromat business; a seven-store commercial strip in Orland Park; a condominium and an equal division of his pension.

At the time of dissolution proceedings, Donna was aware that James had arranged to refinance the mortgage encumbering the two Lemont apartment buildings without her consent and apparently had signed her name to the loan proceeds check from the lender receiving approximately $117,000 from the net proceeds of the refinancing transaction. Upon representation that these proceeds would be used to satisfy Federal income tax obligations, Donna did not trace the disposition of the mortgage funds.

Approximately 14 months after the entry of the judgment for dissolution of marriage, Donna discovered that two years before the dissolution, James had purchased 10 acres of vacant property under

the terms of an installment contract, apparently providing for periodic "land take-outs," paying $60,000 down and taking title to a portion of the parcel in a land trust. Donna alleges that part of the proceeds of mortgage from the Lemont apartments was used to retire some of the debt under the installment contract and to trigger conveyance of an additional parcel to the land trust.

During the pendency of the dissolution proceedings, James never advised Donna of the existence of his interest in the vacant property, such property being absent from the schedule of real estate attached to the pretrial memorandum filed in the trial court on July 1, 1988. Moreover, James testified that the agreement set forth the assets of the parties although he was aware that the 10-acre parcel was not included.

After Donna learned of the existence of James' interest in the undisclosed parcel, she filed a timely motion under section 2—1401 to vacate the property settlement agreement contained in the judgment of dissolution of marriage, enjoin James from selling or transferring any of his real or personal property, and for leave to initiate oral and written discovery.

Thereafter, on March 22, 1991, the trial court granted Donna's petition "as to that part of the judgment relating to the undisclosed property" and opened the judgment to determine the parties' marital interest in the property. The order was silent as to the exercise of injunctive powers and the limitations as to discovery. It is from this order that Donna appeals.

Donna first argues that the entire property agreement between the parties needs to be opened and thereafter recast due to a fraudulent nondisclosure of marital assets.

Nothing in our law requires such a result. Donna, in her reply brief, expressly concedes that "the case law construing Section 2—1401 provides ample authority for a Court to modify a judgment for dissolution of marriage," citing *Roth v. Roth* (1970), 45 Ill. 2d 19, 256 N.E.2d 838.

In *Roth*, our supreme court determined that a decree of divorce procured through fraud may be vacated or modified under proceedings brought pursuant to section 2—1401. *Roth*, 45 Ill. 2d 19, 256 N.E.2d 838 (relief sought under decree pursuant to a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1967, ch. 110, par. 72), which was substantially reenacted as section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401)); accord *In re Marriage of Frazier* (1990), 203 Ill. App. 3d 847, 561 N.E.2d 160; *In re Marriage of Reines* (1989), 184 Ill. App.

3d 392, 540 N.E.2d 394; *Leach v. Leach* (1975), 26 Ill. App. 3d 241, 325 N.E.2d 19; *Garmisa v. Garmisa* (1972), 4 Ill. App. 3d 411, 280 N.E.2d 444.

■ Moreover, in marital dissolution cases, the law favors amicable settlement of property entered into by the consent of the parties and incorporated into the judgment of dissolution. (*Horwich v. Horwich* (1979), 68 Ill. App. 3d 518, 520, 386 N.E.2d 620; *Gaddis v. Gaddis* (1974), 20 Ill. App. 3d 267, 270, 314 N.E.2d 627.) Such favorable treatment confers all presumptions in favor of the validity of the settlement when a party seeks to vacate or modify a property settlement incorporated in a divorce decree. *In re Marriage of Riedy* (1985), 130 Ill. App. 3d 311, 313, 474 N.E.2d 28, citing *Lagen v. Lagen* (1973), 14 Ill. App. 3d 74, 302 N.E.2d 201; *Garmisa*, 4 Ill. App. 3d 411, 280 N.E.2d 444.

Plaintiff cites *Ridgway v. Ridgway* (1986), 146 Ill. App. 3d 463, 497 N.E.2d 126, and *Bellow v. Bellow* (1976), 40 Ill. App. 3d 442, 352 N.E.2d 427, where the courts correctly exercised their discretion and vacated the entire property settlement agreements. In both *Ridgway* and *Bellow*, the property settlement agreements failed in any way to provide a fair and even distribution of the parties' assets. The husband in *Ridgway* had testified to $357 in assets while it appeared that he had a net worth in excess of $100,000. Similar evidence in *Bellow* indicated that the husband had misstated his potential earnings by 500% as well as other irregularities in the representations he made as to the ownership of marital assets.

A section 2—1401 petition invokes the equitable powers of the court, and whether such a petition to vacate should be granted depends upon the facts and equities presented. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 221, 499 N.E.2d 1381; *In re Marriage of Oldham* (1991), 222 Ill. App. 3d 744, 754, 584 N.E.2d 385; *In re Marriage of Hoppe* (1991), 220 Ill. App. 3d 271, 282, 580 N.E.2d 1186.) Accordingly, a reviewing court may disturb the circuit court's judgment only where that court abused its discretion. *Smith*, 114 Ill. 2d at 221; *Oldham*, 222 Ill. App. 3d at 754.

■ Donna does not argue, nor could she, that she failed to obtain relief, but rather complains that she received less relief than she requested. As the disposition of a section 2—1401 petition is within the circuit court's discretion, so also we leave the scope of modification of a dissolution judgment to the sound discretion of the trial court. *Frazier*, 203 Ill. App. 3d 847, 561 N.E.2d 160; *In re Marriage of Emerson* (1983), 115 Ill. App. 3d 712, 450 N.E.2d 987.

Donna suggests that the concealment of assets taints any property settlement agreement so as to render it unconscionable. James responds by noting that the issue of unconscionability was not raised in the trial court and therefore has been waived, relying on *Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 475 N.E.2d 872, and *In re Estate of Halas* (1991), 209 Ill. App. 3d 333, 568 N.E.2d 170.

While that appears to be the case, we do not believe in any event that the issue of unconscionability would impose upon this court a different result than we and the trial court have determined.

In the cases cited by Donna (*In re Marriage of Gurin* (1991), 212 Ill. App. 3d 806, 571 N.E.2d 857; *In re Marriage of Burch* (1990), 205 Ill. App. 3d 1082, 563 N.E.2d 1049; *Reines*, 184 Ill. App. 3d 392, 540 N.E.2d 394; *In re Marriage of Carlson* (1981), 101 Ill. App. 3d 924, 428 N.E.2d 1005), the court could have fashioned a remedy limited in scope. In these cases, as in *Bellow* and *Ridgway*, the trial courts exercised their discretion in requiring that distribution of all the assets be *de novo* rather than in a limited fashion.

Moreover, in most of the cases cited by Donna, procedural issues appeared which suggested that the facts available to the complaining party as to the extent of assets at the time of the execution of the agreements were insufficient to allow them to make a meaningful choice. In *Carlson* the parties were represented by a single attorney and had little time to read and make an informed judgment before signing the property settlement agreement. (*Carlson*, 101 Ill. App. 3d 924, 428 N.E.2d 1005.) In *Burch* and *Reines*, the courts were confronted with questions as to whether the parties were entitled to an evidentiary hearing on the section 2—1401 petition that had been filed in the respective cases. *Burch*, 205 Ill. App. 3d 1082, 563 N.E.2d 1049; *Reines*, 184 Ill. App. 3d 392, 540 N.E.2d 394.

Under the circumstances of the present case, we find that the circuit court did not abuse its discretion in granting the scope of relief it did.

Second, Donna contends that she should be allowed to initiate both written and oral discovery regarding the entire marital estate.

James concedes that a right to pursue discovery exists while a section 2—1401 petition is pending but argues that Donna cannot now complain that the trial court did not allow discovery because

she did not seek any discovery before the issuance of the March 22, 1991, order.

In the contested March 1991 order, the trial court ordered "that the Petition to Vacate is granted only as to that part of the judgment relating to the undisclosed property located at 159th and Wolf Rd. in Orland Park and said judgment is opened to determine the parties marital interest in said property." In addition, the order provided that a hearing would be held on June 3, 1991, to determine the marital interest in the undisclosed property.

■ A petitioner has a right to conduct limited discovery proceedings in connection with a section 2—1401 petition. *People v. B.R. MacKay & Sons, Inc.* (1986), 141 Ill. App. 3d 137, 490 N.E.2d 74.

The record reveals that Donna filed her section 2—1401 petition on November 20, 1989, and requested the initiation of discovery. Subpoenas for depositions were issued and requests to admit and written interrogatories were propounded by James and answered by Donna. Following a hearing held on May 4, 1990, the trial court took the matter under advisement until March 22, 1991.

In its March 22, 1991 order, the trial court set a hearing date to determine the marital interest in the undisclosed property. We believe that Donna is entitled to liberal discovery, oral and written, surrounding the acquisition of the undisclosed property as well as discovery which traces the source of the funds used in such acquisition, the stream of any funds obtained in connection with the development, sale or disposition of such property or any part thereof, the tracing of the disposition of the proceeds of the Lemont apartment refinancing and any other discovery which the trial court deems necessary to do justice between the parties.

Judgment affirmed and remanded with directions.

RIZZI and CERDA, JJ., concur.