DIANE M. ZIESKE, Plaintiff-Appellee, *v.* DAVID H. ZIESKE, Defendant-Appellant.

First District (3rd Division)   No. 61350

Opinion filed August 19, 1976.

Robert A. Bush, of Mt. Prospect, for appellant.

Roger S. Matelski, of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

On June 20, 1974, defendant, David H. Zieske, filed a section 72 petition (Ill. Rev. Stat. 1973, ch. 110, par. 72) seeking to vacate a decree of divorce entered in the circuit court of Cook County on May 7, 1974, in favor of plaintiff, Diane M. Zieske. Defendant appeals from the court's order denying his petition to vacate and his motion for a new trial.

The decree of divorce was granted to plaintiff on the grounds of mental cruelty. Prior to its entry, defendant had signed a pro se appearance, a stipulation to have the matter heard as a default, and a property settlement agreement. The decree provided, among other things, that plaintiff would have custody of the couple's two minor children; that defendant, based on his earnings of $160 per week, would pay child support in the amount of $25 per week for each child; and that he would have reasonable visitation privileges. The decree directed defendant to

pay plaintiff's attorney the sum of $675 for fees, and recited that said fees had been paid by defendant. Plaintiff did not waive alimony, but the matter was reserved for further consideration.

The property settlement agreement, incorporated into the decree by reference, commenced with the following recital: "The parties hereto, after full disclosure of all pertinent facts, have amicably agreed to settle their respective rights and obligations." In addition to the provisions already noted, defendant agreed to convey by deed all his title and interest to the couple's residence located in the Village of Streamwood. Defendant was to maintain health and accident insurance covering the children and agreed to pay all medical bills for the children. Defendant also agreed to pay all existing household bills in the amount of $3,126.82. Plaintiff was to have all household furniture and furnishings as her own separate property. Plaintiff agreed not to take the children out of the State for any single period of time exceeding 30 days without defendant's consent.

Defendant's section 72 petition, filed approximately six weeks after the entry of the decree, alleged in pertinent part that defendant had just learned that prior to their separation and divorce plaintiff engaged in an adulterous relationship with Daniel Scanlan; that approximately 30 days after the entry of the divorce decree plaintiff had married Scanlan, and was attempting to move the minor children out of the State of Illinois; and that if defendant had been aware of those facts he would have contested custody of the children. Defendant further asserted that he would not have conveyed his interest in the marital residence if he had known that he had no legal obligation to do so and if he had known that plaintiff would have received alimony, if any were due, for only four weeks. Defendant also alleged that plaintiff, through coercion and fraud, forced defendant to enter into the agreement full well knowing its inequity. Defendant further stated that the parties met with plaintiff's attorney prior to the entry of the property settlement agreement in an attempt to reconcile their differences. At the time, defendant alleged that he believed the attorney was aiding both parties.

Plaintiff's answer to the section 72 petition in pertinent part denied that she had engaged in an adulterous relationship with Scanlan, but admitted that she had married Scanlan and that she desired to move the parties' minor children from the jurisdiction of the State of Illinois. Plaintiff denied that she forced defendant, through coercion or fraud, to enter into the property settlement agreement and denied that she would not abide by the visitation provisions of the decree. Plaintiff admitted that she and defendant had conferred with her attorney, but denied that the conference was for the purpose of reconciling the parties' differences, and denied that her attorney was aiding both parties.

Defendant's section 72 petition requested that the divorce decree be vacated. At the hearing on defendant's petition, defendant's attorney orally made an alternative motion to modify the decree as it related to the property settlement agreement. At that hearing, the trial judge suggested that the cause be set down in order to hear testimony from plaintiff's original attorney. Defendant's attorney replied that such testimony would not be necessary since defendant was not suggesting any impropriety on the part of the attorney. Defendant's attorney, however, requested that he be permitted to examine plaintiff as an adverse witness. The trial court denied the request. During a protracted argument, both attorneys made purported statements of fact but no testimony was adduced. The trial court then denied defendant's section 72 petition.

■■ Assuming sufficient grounds, relief from a divorce decree may be had through a petition filed under section 72 of the Civil Practice Act. (*Collins v. Collins* (1958), 14 Ill. 2d 178, 151 N.E.2d 813.) A decree of divorce procured through the fraud of either party may be vacated or modified under the section. (*Van Dam v. Van Dam* (1961), 21 Ill. 2d 212, 171 N.E.2d 594.) Amicable settlement of property rights is viewed with favor and the law is reluctant to disturb decrees based thereon. (*Walters v. Walters* (1951), 409 Ill. 298, 99 N.E.2d 342.) However, in *James v. James* (1958), 14 Ill. 2d 295, 305, 152 N.E.2d 582, our supreme court stated:

> "The law is well settled that parties to an action for divorce may adjust between themselves the amount required for the future support of a wife by a husband, and that they may, if such a course is desired, voluntarily effect a settlement of their property interests. (*Smith v. Smith*, 334 Ill. 370; *Walters v. Walters*, 409 Ill. 298.) When such agreements are made a part of the divorce decree, they become merged in such decree and are regarded as contracts between the parties which, if fairly made and in good faith, will be accepted and enforced by the courts. (*Adler v. Adler*, 373 Ill. 361; *Maginnis v. Maginnis*, 323 Ill. 113.) They will, however, be set aside and vacated for fraud or coercion practiced by either party, or if contrary to any rule of law, public policy or morals. (*Smith v. Smith*, 334 Ill. 370; *Swannell v. Wilson*, 400 Ill. 138.) As is observed in *Hamlin v. Hamlin*, 230 N.Y.S. 51, 56-57, contracts of such nature are, in theory, in furtherance of the duty incumbent upon a husband to support his wife. Thus the interest of the public, as well as that of the parties, is involved, and public policy requires that such contracts be not only free from taint of actual fraud and coercion, but also reasonably fair and sufficient, having regard to the station in life and the circumstances of the parties."

In *James* the court was considering a petition brought within 30 days after

the entry of the divorce decree. However, the court indicated that its holding would be the same if it were considering a diligently filed section 72 petition. In *Deahl v. Deahl* (1973), 13 Ill. App. 3d 150, 300 N.E.2d 497, this court, in considering a section 72 petition, concluded that a wife's nondisclosure of her immediate intention to remarry constituted an affirmative withholding of a material fact which was vital for the court to know in determining whether to award periodic alimony payments terminable upon remarriage, or an award of alimony in·gross which would not be so affected. And in *Guyton v. Guyton* (1959), 17 Ill. 2d 439, 161 N.E.2d 832, the court stated that inequity and unfairness in the terms of a settlement where its execution has been accompanied by some element of coercion or misrepresentation, is enough to call for relief. However, the *Guyton* court went on to state: "But before such questions can be considered there must be evidence of the manner in which the negotiations were conducted, the needs and station in life of the parties, or other circumstances affording basis for such relief." 17 Ill. 2d 439, 445.

■■ When viewed under the foregoing standards, we believe that the trial court erred in not allowing defendant to present testimony and evidence in support of his section 72 petition. It may be that the trial judge was diverted by defense counsel's surprising rejection of the court's suggestion that plaintiff's original attorney be called as a witness. It is our judgment that a complete evidentiary hearing is necessary to determine the justiciability of defendant's position. For that reason, we refrain from any comments on its merits at this time.

Defendant's section 72 petition asked that the decree of divorce be vacated. However, at the hearing on the petition, defendant made an alternative motion to modify the decree. Moreover, the entire thrust of defendant's position in both the trial court and in this court is directed at the propriety of the property settlement agreement. Consequently, we will not vacate the decree of divorce.

For the reasons stated, the judgment of divorce is affirmed, and the cause is remanded to the circuit court for a full hearing on defendant's motion to modify the decree.

Affirmed in part; remanded in part.

MEJDA, P. J., and DEMPSEY, J., concur.