ANGELA DENDRINOS, Plaintiff-Appellant, *v.* GERASIMOS DENDRINOS, Defendant-Appellee.

First District (2nd Division)   No. 77-1063

Opinion filed March 28, 1978.

Nicholas Zagone and Anna Kioutas, both of Chicago, for appellant.

Harold E. Collins & Associates, Ltd., of Chicago, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Plaintiff, Angela Dendrinos, appeals from an order of the circuit court of Cook County denying her petition to set aside a property settlement agreement with defendant, Gerasimos Dendrinos, which was incorporated in a decree of divorce entered on November 6, 1976. The trial court also denied plaintiff's request for award of attorney's fees and alimony pending her prosecution of this appeal.

From entry of these orders plaintiff appeals and contends: (1) that the trial court denied plaintiff's petition without benefit of an adequate evidentiary foundation; and (2) that the trial court improperly refused plaintiff's request for alimony and attorney's fees pending appeal.

A review of the record indicates that plaintiff, a foreign national, and defendant, a United States citizen, were married on December 22, 1974, at Aigion, Greece. Upon their return to Chicago, Illinois, the couple lived together as husband and wife for approximately 10 months before plaintiff sued for divorce alleging that defendant had been guilty of extreme and repeated cruelty. Defendant filed a counterclaim alleging similar grounds for dissolution of their marriage. No children were born to or adopted by the parties.

After various continuances, this cause was set for disposition on the contested trial call of October 6, 1976. It appears that prior to this date the parties arrived at an oral agreement settling and disposing of the alimony and property rights stemming from the marital relationship. A prove-up hearing ensued during the course of which testimony was elicited from both plaintiff and defendant. Plaintiff testified through an interpreter fluent in the Greek language.

Plaintiff testified that pursuant to the oral agreement (1) she would receive a lump sum property settlement of $15,000 payable in an initial installment of $5,000 and followed by payments of $2,000 per year for 5 years; (2) she would waive her alimony rights; (3) defendant would release any and all claims against plaintiff for any debts which the parties might have jointly incurred; and (4) she would release any and all claims and property interests against defendant by quitclaim deed. The trial court inquired of plaintiff whether she had voluntarily entered into the agreement. Plaintiff responded, "I'm doing it on my own," "I agree to it. Nobody pressured me into it."

A decree of divorce was entered on November 5, 1976. The decree bears the signature of defendant's counsel, but neither plaintiff nor plaintiff's attorney executed same although some provisions have been initialed by both counsel. Plaintiff subsequently discharged that attorney

and retained new counsel who filed a petition to substitute attorneys and vacate the decree. In support of this petition, plaintiff alleged, *inter alia,* that prior to the prove-up hearing defendant answered written interrogatories propounded by plaintiff relative to certain parcels of real estate in which defendant maintained an interest; that defendant falsely answered such interrogatories by stating that plaintiff had no interest in such properties; that plaintiff maintained throughout these proceedings that she was a joint owner of such real properties but that defendant, through his attorney, assured all parties that plaintiff's name was not on the title nor was she a beneficiary under the trust that held title to certain parcels of real estate; and that the settlement was arrived at prior to the prove-up hearing and was based upon the premise that plaintiff, being foreign and uneducated, was mistaken as to her interests in said real estate. Subsequent investigation apparently suggests that plaintiff does hold an interest in the properties at issue. On appeal, plaintiff proposed that it must be presumed that she acquired such interests as a gift from her spouse.

Defendant filed an answer to this petition denying the alleged concealment of assets and asserted that "the interest of the Plaintiff, if any, and [*sic*] any property of the Defendant was merely that of a nominee and created in connection with financing relative to any such property and that the Defendant has never authorized nor consented to the creation of any interest, legal or equitable, in the Plaintiff with reference to any of his property."

The issues having thus been drawn, the cause was set for a hearing. It was not requested and the court did not direct that witnesses be sworn and testimony be taken. However, following statements, comments and observations of counsel, which contained many disputed allegations of fact and conclusions of law, the trial court noted:

> "You must understand this; I had conducted a pretrial, I tried to make sure, as I do in all cases—although I cannot specifically zero in on this one, that everyone understood what was going on, and that is the reason for having interpreters, and we had that, but I cannot see anything in here at the moment to show frad [*sic*], because it was thoroughly explained. \* \* \* The motion to vacate is denied."

■■ Modification of a divorce decree rests in the sound discretion of the trial court, and courts of review will not disturb its findings unless the evidence clearly so requires. (*Edwards v. Edwards* (1970), 125 Ill. App. 2d 91, 259 N.E.2d 820.) Amicable settlement of property rights is viewed with favor and the law is reluctant to disturb a decree based thereon. (*Walters v. Walters* (1951), 409 Ill. 298, 99 N.E.2d 342.) The burden of proving fraud of concealment is on the party asserting it, and that burden

is more onerous when a party seeks to vacate or modify a property settlement incorporated in a divorce decree, all presumptions being in favor of the validity of the settlement. (*Lagen v. Lagen* (1973), 14 Ill. App. 3d 74, 302 N.E.2d 201.) Fraud may consist in the concealment of what is true as in the assertion of what is false. The concealment must be shown to have been done with the intention to deceive under circumstances creating an opportunity and a duty to speak. *Lagen v. Lagen.*

Our review of the record fails to establish that the trial court exercised sound discretion in the manner prescribed by the aforementioned authorities. In denying plaintiff's petition, the court acted without benefit of any evidentiary foundation.

While conceding that the procedure followed in the trial court was less than exemplary, defendant endeavors to buttress the decision of the court by suggesting that the allegations of fact contained in the several attorneys' arguments to the court serve as an offer of proof. (*Filko v. Filko* (1970), 127 Ill. App. 2d 10, 262 N.E.2d 88.) We decline to accord such dignity to these random comments of counsel. In any case, the various allegations were disputed and, therefore, the matter is not amenable to resolution through such a disjointed proceeding. We also note that in the midst of the colloquies, a former counsel for plaintiff interjected protracted irrelevant matters relating to her efforts on behalf of her client. The court then was afforded the spectacle of plaintiff's past and present attorneys in acrimonious debate regarding matters alien to the proceedings.

■■ Defendant's contention that the settlement agreement was inherently fair and equitable since all parties had ample opportunity to ascertain the value of the property in question and the parties did not rely upon any estimates of real estate values as a basis for the lump sum settlement is without foundation in the record. These matters properly lie before the trial court for resolution.

We are far from satisfied that the court and counsel adequately discharged their duties to the litigants and the judicial system established to resolve disputes through orderly and fair proceedings. Consequently, the matter must be remanded to the trial court for a hearing.

■■ Plaintiff also contends that the trial court erred in denying her petition for alimony and attorney's fees pursuant to section 15 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 16) which provides in pertinent part:

> "In case of appeal by husband or wife, the court in which the decree or order is rendered may grant and enforce the payment of such money for her or his defense and such equitable alimony during the pendency of the appeal as to such court shall seem reasonable and proper."

This provision was amended by Public Act 79-1360 (effective October 1, 1976) and the aforementioned sentence was deleted. Plaintiff contends that in so doing the legislature violated article IV, section 8(d) of the Illinois Constitution of 1970. This constitutional provision provides as herein relevant:

"Bills, except bills for appropriations and for the codification, revision or rearrangement of laws, shall be confined to one subject."

Plaintiff offers no citation of authority nor any argument to counter the obvious contention that the public act in question may be said to fall within the literal exception to the prescription of section 8(d).

However, we need not reach this question inasmuch as plaintiff lacks standing to raise the point. Plaintiff seeks to recover attorney's fees and equitable alimony during the pendency of her *prosecution* of the current appeal. The provision in question was intended to protect the spouse in whose favor a decree had been entered from being subjected to the hardship of an appeal during which payments were suspended and expenses would be incurred for defending the litigation. (*Riddlesbarger v. Riddlesbarger* (1952), 348 Ill. App. 31, 107 N.E.2d 770.) In the instant case it does not appear that enforcement of the decree was stayed pending appeal. In any case, plaintiff as appellant before this court would not be entitled to the relief sought under section 15 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 16) and we need not consider further her present attempt to litigate the constitutionality of the subsequent amendment of this provision. See *Horwitz v. Horwitz* (1970), 130 Ill. App. 2d 424, 264 N.E.2d 723.

Accordingly, the order of the trial court denying plaintiff's request for award of attorney's fees and alimony pending appeal is affirmed. The order of the trial court denying plaintiff's petition to set aside the property settlement agreement contained in the decree of divorce is reversed and the cause remanded for proceedings not inconsistent with this opinion.

Affirmed in part; reversed in part and remanded.

PERLIN and BROWN, JJ., concur.