*In re* MARRIAGE OF RALPH BURCH, Petitioner-Appellant, and ARLENE BURCH, Respondent-Appellee.

First District (5th Division)   No. 1—88—1254

Opinion filed November 9, 1990.

Barbara J. Agnew, of Northbrook, for appellant.

Richard R. Della Croce, of Blue Island, for appellee.

PRESIDING JUSTICE COCCIA delivered the opinion of the court:

This is an appeal from the trial court's denial of petitioner's motion to set aside an orally agreed-to property settlement which was incorporated into the judgment of dissolution of marriage between the

parties in this cause.

For the reasons expressed herein, we reverse the order of the trial court denying, without evidentiary hearing, the husband's petition to vacate the oral prove up prior to entry of the judgment, and vacate that portion of the judgment of dissolution of marriage which pertains to the incorporated property settlement. We affirm the trial court's order decreeing the dissolution of the marriage between the parties. We remand for further proceedings consistent with this opinion.

On June 22, 1984, Ralph Burch (petitioner) filed for dissolution of his 29-year marriage to Arlene Burch (respondent). A prove up on the petition was heard by the trial court on October 13, 1987, at which time the trial court found that grounds existed for the dissolution of the marriage. The trial court further found, at these proceedings, that an oral agreement had been reached regarding the distribution of the property of the parties and maintenance and that the agreement was fair and reasonable. This finding was predicated, at least in part, upon the petitioner's statement during the oral prove up that he agreed to the settlement, that he was not coerced to do so, and that he understood all of its terms and provisions. The trial court accordingly held that it would accept the oral agreement and incorporate it into the judgment of dissolution of marriage. The petitioner was instructed to prepare and file the transcript of the prove up proceedings, along with a postponed judgment order, at which time the court would sign the order and make it final. Both counsel were instructed to sign off on the agreement and to review the transcript to make certain that it reflected what was said at the hearing.

Shortly following the prove up, petitioner's suspicions increased that sometime during the marriage, respondent had fraudulently concealed a marital asset by purchasing an interest in a certain piece of improved realty, other than the marital domicile, and ultimately disposing of her interest in the property during the proceedings in the trial court, all without knowledge of or notice to petitioner, or to the court. Petitioner was also dissatisfied with certain provisions of the oral property agreement. He states that he was advised, following the prove up, by his then attorney that the oral agreement covering the property settlement would have to be written up, thus enabling the petitioner to make changes before it was finally accepted by the court. Petitioner, in his own mind, was of the opinion that since the oral agreement was to be written up and the order approving it ultimately was to be signed by the judge, the changes could be made prior to finalization. Within one month of the prove up, petitioner dis-

charged his attorney and retained new counsel, attorney Ilene Wolf, who attempted to investigate petitioner's fears that respondent had concealed marital property from him and from the court.

On February 25, 1988, respondent filed an emergency motion requesting the court to enter judgment, incorporating the property settlement, *instanter*, and further requesting attorney fees for the time and costs expended by respondent's attorney in preparing the judgment order, preparing a transcript of the oral prove up, and preparing and presenting the emergency motion. Petitioner responded to the emergency motion and subsequently filed his own motion and petition seeking to vacate the oral prove up on grounds that the property agreement was unconscionable and requesting that a date be set for trial. In his petition to vacate, Mr. Burch listed several reasons why he believed that the property settlement was unconscionable. These related primarily to the distribution of the marital assets, including pension funds, and did not include any allegation of, or reference to, the fraudulent transfer of an undisclosed marital asset. Both motions were set for hearing before the trial court on March 23, 1988.

On March 23, 1988, during argument on these motions, petitioner's counsel, in support of his motion to vacate, advised the court that she had newly discovered information, apparently uncovered sometime after the filing of the petition to vacate the oral prove up, to the effect that the respondent had used $23,000 of marital funds, during the marriage, to purchase an ownership in real estate, other than the marital residence. Attorney Wolf further advised the court that the new information would establish that, on the date following respondent's initial appearance in these proceedings, respondent at the direction or through the assistance of her divorce attorney deeded away through a deed in trust, and a trust agreement, her interest in this alleged marital property to her son and daughter-in-law without disclosing this fact to the petitioner or the court.

It is petitioner's position that, given the initial discovery evidence obtained from respondent which reveals that she failed to disclose this transaction, coupled with her statement during cross-examination at the time of the prove up that she had made full disclosure of her assets, which did not reflect this transaction, the property settlement agreement entered into at the time of the prove up must be vacated and set aside as unconscionable. In support of her argument, attorney Wolf provided the trial judge with copies of the deed in trust and the trust agreement, and asked the court to allow further discovery on the issues raised by the newly discovered information relating to fraud and unconscionability. The trial court in denying petitioner's mo-

tion did so without conducting an evidentiary hearing on petitioner's newly discovered information. The trial court did nonetheless allow argument from respondent's counsel, without having taken any evidence in support thereof, to the effect that the funds initially used to purchase this property were nonmarital in nature. Stating that she had again reviewed the property agreement and had found that it was not unconscionable and that the parties had had three years prior to the oral prove up in which to conduct discovery, the trial judge granted respondent's motion for entry of judgment, incorporating the property settlement, and granted the requested attorney fees. Petitioner brought this appeal.

OPINION

At the outset, we call attention to the pertinent provisions of the Illinois Marriage and Dissolution of Marriage Act (the Dissolution Act), relating to property, support and attorney fees (Ill. Rev. Stat. 1987, ch. 40, pars. 502, 503), together with corresponding portions of the Smith-Hurd Historical and Practice Notes (1980). The statute provides in relevant part:

"§502. Agreement. (a) To promote amicable settlement of disputes between parties to a marriage attendant upon the dissolution of their marriage, the parties may enter into a *written or oral agreement* containing provisions for disposition of any property owned by either of them, maintenance of either of them and support *** of their children.

(b) The terms of the agreement *** *are binding upon the court unless it finds*, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, *that the agreement is unconscionable.*" (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 40, pars. 502(a), (b).)

"§503. Disposition of Property. ***
* * *

(b) For purposes of distribution of property pursuant to this Section, all property acquired by either spouse after the marriage and before a judgment of dissolution of marriage *** is presumed to be marital property ***. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection (a) of this Section." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 40, par. 503(b).)

The Smith-Hurd Historical and Practice Notes (1980), in dealing with section 502(b), state as follows:

"Subsection (b) *** provides that the terms of the separation agreement, except as they pertain to children, are binding on the court unless the agreement is found to be unconscionable. ***

Under prior Illinois law there was a different standard for court approval. Settlement agreements were approved by the court if found to be fair and reasonable. ***

This section does not eliminate many of the traditional grounds for setting aside settlement agreements, including grounds of fraud, coercion, and violation of any rule of law, public policy or morals. ***
***

The standard of unconscionability introduced by this section [502] *** is new to the area of Illinois matrimonial law ***. [Citation.] *The standard as it relates to separation agreements includes 'protection against overreaching, concealment of assets, and sharp dealing not consistent with the obligations of marital partners to deal fairly with each other.'* Uniform Marriage and Divorce Act (9A U.L.A.) §306, Commissioners' Note at 137. The Commissioners' Note further provides:

In order to determine whether the agreement is unconscionable, the court may look to the economic circumstances of the parties resulting from the agreement, and any other relevant evidence such as the conditions under which the agreement was made, including the knowledge of the other party. If the court finds the agreement not unconscionable, its terms respecting property division *** may not be altered by the court. ...

[Citation.]" (Emphasis added.) Ill. Ann. Stat., ch. 40, par. 502(b), Historical and Practice Notes, at 400 (Smith-Hurd 1980).

■■ ■ Respondent initially contends that petitioner has failed to introduce any competent evidence of fraud, by way of affidavit or petition, in support of his allegation of fraud, and accordingly the trial court's order entering judgment should be affirmed. In support of this theory respondent argues that it is an established rule of law that the burden of proving fraud is on the party asserting it, and that such evidence of fraud must be established by clear and convincing evidence and cannot be established upon mere suspicion. (*Turzynski v. Libert* (1970), 122 Ill. App. 2d 352, 359, 259 N.E.2d 295, 299.) Respondent bolsters her argument by citing the rule laid down in *Garmisa v. Garmisa* (1972), 4 Ill. App. 3d 411, 426, 280 N.E.2d 444, 454, which she

claims holds that the burden is even more onerous when a party seeks to vacate a property settlement incorporated in a divorce decree, for all presumptions must be held to be in favor of the validity of that settlement. Respondent further suggests that the holding of *Guyton v. Guyton* (1959), 17 Ill. 2d 439, 161 N.E.2d 832, also supports her position. In *Guyton* a judgment of dissolution of the marriage, with the property settlement annexed, was entered. A motion to vacate that decree was filed, supported by affidavits challenging the fairness of the oral property settlement, under the prior "fair and reasonable" standard. The court held that a property settlement agreement could be set aside and vacated where it resulted from fraud or coercion by either party. The *Guyton* court went on to hold that inequity and unfairness in the terms of the settlement, at least where its execution had been accompanied by coercion or misrepresentation, were enough to justify setting a decree aside. However, the court further stated that before such questions could be considered, there must be evidence in the record of the manner in which negotiations were conducted, the needs and station of life of the parties, or other circumstances affording a basis for setting the decree aside on such grounds. *Guyton*, 17 Ill. 2d at 445, 161 N.E.2d at 835.

■ We agree with the general principles set down in these cases, but believe that respondent's reliance thereon is misplaced. In the instant case, petitioner's motion and argument in support thereof were made prior to the entry of a decree granting dissolution of the marriage and incorporating the property settlement. All questions of proper procedural niceties aside, the trial court was in fact adequately advised by petitioner's counsel of the results of her investigation into the suspicions of the husband which, if true, would establish the unconscionability of the distribution of property as a result of a fraudulent conveyance of a real estate interest purchased by the wife with marital funds. Documentary information in support thereof was submitted to the trial court for its perusal, which in and of itself was sufficient to require the court to hold an evidentiary hearing to establish the truth of the allegation. Further, respondent's counsel's response to the newly discovered and relevant information was that the property in question was purchased with nonmarital funds. This was equally a voluntary conclusion on the part of counsel, with no evidence to support the same having been taken by the court. Given this state of the record, and the fact that a rebuttable presumption exists that all property acquired after marriage is marital property (Ill. Rev. Stat. 1987, ch. 40, par. 503(b); *Hofmann v. Hofmann* (1983), 94 Ill. 2d 205, 216, 446 N.E.2d 499, 502), so that proof would be necessary to

establish that the assets used to purchase the property were nonmarital in nature, the trial court was required to hold an evidentiary hearing on all of these issues. Having failed to do so was an abuse of the trial court's discretion.

●7 In so holding, we are in agreement with this court's decision in *Crawford v. Crawford* (1976), 39 Ill. App. 3d 457, 350 N.E.2d 103, which sets forth the guidelines that are basic to our resolution of the issues in the instant case:

> "While it is well settled in Illinois that the law looks with favor upon the amicable settlement of property rights between a husband and wife prior to their divorce [citations], it has also been held that a settlement agreement will be set aside and vacated if said agreement is procured by fraud, coercion, or if contrary to any rule of law, public policy, or morals. [Citations.] ***
>
> * * *
>
> *** It is our opinion that the settlement of property and alimony rights between married persons, *particularly in situations involving long matrimonial relationships, cannot be concluded by the parties' oral consent when it is diligently challenged by one spouse before a decree has been entered.*" (Emphasis added.) *Crawford*, 39 Ill. App. 3d at 461-62, 350 N.E.2d at 107-08.

■ Respondent, however, relies on *Lagen v. Lagen* (1973), 14 Ill. App. 3d 74, 302 N.E.2d 201, in support of her argument that there was no showing of concealment with the intent to deceive on her part, with respect to the details of the alleged fraudulent disposition of the improved property. We acknowledge the basic principle that, although fraud may consist in the concealment of what is true as in the assertion of what is false, the concealment "must be shown to have been done with the intention to deceive under circumstances creating an opportunity and duty to speak." (*Lagen*, 14 Ill. App. 3d at 79, 302 N.E.2d at 205.) However, we believe that respondent's reliance on *Lagen* is equally misguided. Respondent states that there was no duty upon her to speak or volunteer any information that was not asked of her during discovery or other court proceedings. We hold that there was an affirmative duty to disclose.

■ In *Garmisa v. Garmisa* (1972), 4 Ill. App. 3d 411, 280 N.E.2d 444, a case which lends support to petitioner's argument, the wife had filed a post-judgment petition to vacate a divorce decree incorporating a property settlement. Her petition alleged that the settlement had been procured by fraud, in that the husband had misrepresented the

value of his business assets at the time of the settlement. The trial court, after hearing extensive testimony concerning the husband's negotiations with American Broadcasting Company (ABC) during the course of the divorce proceedings, relating to the sale of his businesses to ABC, and the resulting consummation of the sale approximately six months after the divorce decree, as well as the husband's acknowledgement that he did not take the potential sale into account in computing his net worth for purposes of the property settlement, had stated:

> "The court finds that there was an affirmative duty on the part of the defendant to disclose the said negotiations to the plaintiff so that the plaintiff would have the same facts at her command as the defendant in negotiating a property settlement and that failure to disclose on the part of the defendant deprived the plaintiff of a material fact necessary to intelligently arrive at a property settlement, (even though said disclosure may not have affected the property settlement one way or the other, the plaintiff was entitled to make that decision) and therefore, in this sense, constituted a fraud \*\*\*." (*Garmisa*, 4 Ill. App. 3d at 421, 280 N.E.2d at 450-51.)

The appellate court, in considering whether the wife had met her burden of proving fraud, first observed:

> "[D]efendant was under an obligation to disclose the fact that preliminary negotiations had taken place with ABC for the sale of John Roberts and Selected Tape. By the time the decree was entered defendant had met several times with ABC officials in serious negotiations." (*Garmisa*, 4 Ill. App. 3d at 423, 280 N.E.2d at 452.)

However, the court went on to state:

> "The non-disclosure in the instant case was in essence a misrepresentation as to the value of defendant's interests in the two partnerships. In order for a misrepresentation to constitute fraud, in addition to other elements not relevant here, the complaining party (plaintiff) must show that it was false and that she relied on it to her injury. [Citation.] Fraud must be proven by clear and convincing evidence. [Citation.]" (*Garmisa*, 4 Ill. App. 3d at 423, 280 N.E.2d at 452.)

Because it determined, in light of the extensive testimony presented at trial, that the plaintiff-wife had not proved, by clear and convincing evidence, that the nondisclosure of the ABC negotiations resulted in her injury, the appellate court reversed the trial court's order modifying the original divorce decree and reinstated the original property

settlement. (*Garmisa*, 4 Ill. App. 3d at 426-27, 280 N.E.2d at 454-55.) In the case at bar, the mere fact that the parties are of divergent views concerning the nature of the subject property manifests the need for an evidentiary hearing to clarify the issues and to help the trial court reach a just result as to the conscionability of the property settlement.

Other appellate decisions likewise lend support to this view. For example, in *In re Marriage of Lorenzi* (1980), 84 Ill. App. 3d 427, 405 N.E.2d 507, a post-judgment petition to vacate a property settlement was denied by the trial court without a hearing. In remanding the case for an evidentiary hearing on the petition, the appellate court observed:

> "The trial court states in its opinion that '[t]here was no allegation here that there was duress or fraud perpetrated on Joyce B. Lorenzi.' In fact, Mrs. Lorenzi's verified petition does allege fraud. ***
>
> It is apparent from both the petition and answers thereto that the matters at issue were dehors the record and could not be determined by the court's examination of the records in the case. *** Where, as here, however, the facts are controverted, the proof should be presented at an orderly hearing by examination of witnesses, under oath, subject to cross-examination. [Citations]." (*Lorenzi*, 84 Ill. App. 3d at 432, 405 N.E.2d at 511.)

In a more recent decision, this court stated:

> "A party alleging unconscionability of a settlement agreement must be permitted to present evidence relevant to that agreement (*In re Marriage of Lorenzi* (1980), 84 Ill. App. 3d 427, 431, 405 N.E.2d 507); however, the admission or exclusion of evidence is within the circuit court's discretion and will not be disturbed absent an abuse thereof. [Citation.]" (*In re Marriage of Smith* (1987), 164 Ill. App. 3d 1011, 1020-21, 518 N.E.2d 450, 456.)

However, in the case at bar we feel that there was clearly an abuse of discretion in the trial court's refusal to consider, in the context of a hearing on a petition to vacate an oral prove up on grounds of unconscionability, the documents presented in support of an alleged fraudulent transfer, as well as in its refusal to allow further discovery relating to this disputed allegation. Moreover, we believe that the information and documents brought forward at the hearing on petitioner's motion sufficiently alleged circumstances entitling him to an evidentiary hearing on these matters.

Further support for an evidentiary hearing is to be found in *Den-*

*drinos v. Dendrinos* (1978), 58 Ill. App. 3d 639, 374 N.E.2d 1016, where the procedural context more closely paralleled that of the instant case. In *Dendrinos*, the trial court denied plaintiff's petition to set aside a property settlement agreement solely on the basis of the attorneys' arguments, after plaintiff had declined to sign the orally agreed-to settlement and alleged, *inter alia*, that defendant had falsely answered interrogatories by stating that he held no interest in certain real estate. This court reversed the trial court's decision, concluding:

> "We are far from satisfied that the court and counsel adequately discharged their duties to the litigants and the judicial system established to resolve disputes through orderly and fair proceedings. Consequently, the matter must be remanded to the trial court for a hearing." *Dendrinos*, 58 Ill. App. 3d at 642, 374 N.E.2d at 1019.

Finally, we believe that the principles and the rationale set forth in *In re Marriage of Reines* (1989), 184 Ill. App. 3d 392, 540 N.E.2d 394, an opinion of this division, are determinative of the issues now before us. In *Reines*, petitioner-wife appealed from an order of the circuit court denying her motion to vacate or modify the judgment of dissolution of marriage from respondent-husband, as that judgment pertained to an incorporated property settlement. The marital settlement agreement had been signed by both parties after an oral prove up. It specifically stated that the husband and wife agreed on the terms of the settlement, "each having made full disclosure to the other of all their assets." (Emphasis omitted.) (*Reines*, 184 Ill. App. 3d at 395, 540 N.E.2d at 395.) Following entry of the judgment, and after retaining different counsel, the wife filed a section 2—1401 petition (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401). Her petition alleged, *inter alia*, that the property settlement failed to include or take into consideration various properties owned by the parties and was consequently unfair to her. Her petition stated that through discovery, she had learned that her husband had failed to disclose certain financial assets which he had purchased through payroll deductions. These assets would be retained by him under the terms of the agreement, while no interest or equivalent provisions were given to petitioner. She further claimed that her husband had effectively dictated the terms of the settlement and had employed his own attorney to accomplish this end, although the attorney ostensibly had appeared before the court on the wife's behalf. Petitioner also moved for a court order to obtain full discovery and disclosure of the assets which the parties owned prior to the dissolution of the marriage, for the purpose of re-

assessing the proper allocation of marital and nonmarital property, asserting that no determination of the conscionability of the property division could be properly made without respondent's full disclosure of his assets. The trial court struck the petition to vacate or modify the judgment of dissolution and denied petitioner's request for discovery, all without an evidentiary hearing.

In reversing the trial court's rulings, we cited with approval the case of *In re Marriage of Carlson* (1981), 101 Ill. App. 3d 924, 428 N.E.2d 1005, which relied on the authority of section 502 of the Dissolution Act and the unconscionability standard as defined in the Smith-Hurd Historical and Practice Notes (1980). That definition, as we have already noted, includes "protection against overreaching, concealment of assets," "the obligation of marital partners to deal fairly with each other," and "conditions under which the agreement was made, including the knowledge of the other party," among the factors which are incorporated in the standard as it relates to separation agreements. (Emphasis omitted.) *Reines*, 184 Ill. App. 3d at 399-400, 540 N.E.2d at 398; *Carlson*, 101 Ill. App. 3d at 930, 428 N.E.2d at 1010; Ill. Ann. Stat., ch. 40, par. 502(b), Historical and Practice Notes, at 401 (Smith-Hurd 1980).

■ In *Reines* we also quoted favorably from *Zieske v. Zieske* (1976), 41 Ill. App. 3d 746, 354 N.E.2d 513, in which the appellate court held that the former husband was entitled to an evidentiary hearing where his post-judgment petition alleged that his former wife had failed to disclose to him certain material facts, including matters which cast doubt on the propriety of the property and custody agreement. In *Zieske*, the marital settlement agreement, as incorporated in the decree, recited that the parties, "after full disclosure of all pertinent facts, ha[d] *** agreed to settle their respective rights and obligations." (*Zieske*, 41 Ill. App. 3d at 747, 354 N.E.2d at 514.) The *Zieske* court, summarizing the law under the prior "fairness" standard as stated in *James v. James* (1958), 14 Ill. 2d 295, 305, 152 N.E.2d 582, 587, and emphasizing the several traditional grounds for setting aside a property settlement which remain valid under current law, concluded:.

> "The law is well settled that parties to an action for divorce may adjust between themselves the amount required for the future support of a wife by a husband, and that they may, if such a course is desired, voluntarily effect a settlement of their property interests. [Citations.] When such agreements are made a part of the divorce decree, they become merged in such decree and are regarded as contracts between the parties

which, if fairly made and in good faith, will be accepted and enforced by the courts. [Citations.] *They will, however, be set aside and vacated for fraud or coercion practiced by either party, or if contrary to any rule of law, public policy or morals.* [Citations.] \*\*\* [C]ontracts of such nature are, in theory, in furtherance of the duty incumbent upon a husband to support his wife. Thus the interest of the public, as well as that of the parties, is involved, and *public policy requires that such contracts be not only free from taint of actual fraud and coercion,* but also reasonably fair and sufficient, having regard to the station in life and the circumstances of the parties." (Emphasis added.) (*Zieske,* 41 Ill. App. 3d at 748, 354 N.E.2d at 515, quoted in *Reines,* 184 Ill. App. 3d at 401-02, 540 N.E.2d at 399.)

Accordingly, the *Zieske* court found that the trial court had erred in not allowing the husband to present testimony and other evidence in support of his section 72 (now section 2—1401) petition for post-judgment relief, and held that a "complete evidentiary hearing [wa]s necessary to determine justiciability of [his] position." *Zieske,* 41 Ill. App. 3d at 749, 354 N.E.2d at 515.

Drawing upon the authority cited, we concluded in *Reines:*

"If the trial court \*\*\* had been made aware of respondent's undisclosed pension benefits, the court could have and would have included the pension benefits in the couple's property settlement agreement. Moreover, petitioner's section 2—1401 petition brought to the attention of the court several other assets, respondent's credit union account, withdrawals from that account, payroll deductions from his salary as a police officer, bonds and other investments, which respondent failed to disclose prior to entering into the settlement agreement with petitioner. Petitioner was thus deceived into disclaiming any maintenance on the part of her husband.

\*\*\*

\*\*\* The trial court *erred in refusing to inquire further into the assets and conduct of respondent to determine whether he had, as alleged by petitioner, concealed the existence of material assets.*" (Emphasis added.) *Reines,* 184 Ill. App. 3d at 402, 540 N.E.2d at 400.

Consequently, we held that the trial court should have permitted petitioner to proceed with discovery in support of her claim that the settlement agreement was procured by fraud and/or duress.

■■ Although the case at bar involves a motion to vacate an oral

prove up and a hearing on the motion, rather than a post-judgment petition and hearing, pursuant to section 2—1401 of the Code of Civil Procedure, the same legal and public policy principles logically apply. Therefore, we conclude that the trial court abused its discretion in not permitting further discovery and in not affording petitioner an evidentiary hearing where all of the pertinent facts relating to his allegations could have been adequately addressed.

With respect to the dissolution of the marriage, we find that no allegations were made or evidence adduced tending to show that the grounds of dissolution were not proved. Accordingly, we affirm the trial judge's order of dissolution of the marriage between the parties.

However, for the reasons stated, we reverse the portion of the trial judge's order approving the property settlement and awarding the requested fees to respondent's attorney. We remand this cause to the trial court for the purpose of holding a full evidentiary hearing on the issue of the alleged unconscionability of the property settlement, which the record shows was freely and voluntarily entered into before the court by independently represented parties. In so doing, we instruct the trial court to take particular concern with the allegation that respondent may have committed a fraud on the court and against the petitioner in concealing her ownership of a substantial marital asset, and of divesting herself of that asset through conveyance thereof to her son and daughter-in-law during the pendency of the proceedings, all without disclosure to the petitioner or the court. Petitioner should be permitted to amend his motion to vacate so that this allegation, and an offer of supporting evidence, is stated in writing.

Should the trial court find that respondent shielded certain marital assets from the petitioner, and thus prevented petitioner from making an informed decision to enter into the property settlement, or the trial court from making a fair and equitable distribution of the marital property in just proportion, the court should find the orally agreed-to settlement unconscionable, vacate the oral prove up, and conduct further proceedings pursuant to section 502 of the Dissolution Act. (Ill. Rev. Stat. 1987, ch. 40, par. 502(c).) In this event, the court should also review the entire question of counsel's role in participating in such conduct and the awarding of the requested attorney fees.

Should, on the other hand, the trial court find that there was no fraudulent conveyance of a marital asset by the respondent, that the role of respondent's attorney in the transfer of property was totally within the realm of propriety, and that the negotiated property settlement was not unconscionable, the property settlement agreement should be approved by the court and incorporated into the judgment

of dissolution of marriage. The award of attorney fees in connection with respondent's emergency petition for entry of judgment should then be reconsidered and decided in light of such findings.

Affirmed in part; reversed in part and remanded with directions.

LORENZ and MURRAY, JJ., concur.