2025 IL App (1st) 240116-U

SECOND DIVISION
August 12, 2025

No. 1-24-0116

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| RAQUEL MARRERA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | Nos. 17 CH 12227; |
| | ) | 21 CH 3231 |
| JOSEPH A. GIRALAMO, individually and as Trustee | ) | Consolidated |
| under the Ralph Marrera Trust, President/Treasurer and | ) | |
| Registered Agent of Filmar, Inc. of Chicago, an Illinois | ) | |
| corporation, | ) | |
| | ) | |
| Defendant-Appellee | ) | |
| | ) | |
| (Guido Calcagno, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Ralph Marrera, an individual, The Ralph Marrera Trust, | ) | |
| an Illinois trust, Joseph A. Giralamo, an individual as | ) | |
| Trustee of the Ralph Marrera Trust, and Filmar, Inc. of | ) | |
| Chicago a/k/a Filmar of Chicago, Inc., an Illinois | ) | |
| corporation, | ) | Honorable |
| | ) | Joel Chupak, |
| Defendants). | ) | Judge Presiding. |

.

_____

JUSTICE HOWSE delivered the judgment of the court.

Presiding Justice Van Tine and Justice Ellis concurred in the judgment.

ORDER

¶ 1    *Held*: The judgment of the circuit court of Cook County is affirmed; plaintiff failed to comply with Illinois Supreme Court Rule 341 and has not demonstrated any error in the trial court's judgment approving the settlement agreement in the underlying proceeding.

¶ 2    Plaintiff, Raquel Marrera, appeals from the circuit court of Cook County's order approving and entering judgment on a settlement of this consolidated case. The underlying litigation centered on a trust that held certain property, the management of the trust, and the disposition and distribution of the trust property. Plaintiff was a contingent beneficiary of the trust. Plaintiff seeks vacatur of the settlement judgment and remand for a trial.

¶ 3    For the following reasons, we affirm.

¶ 4                                              BACKGROUND

¶ 5    This matter was previously before this court on cross-motions for summary judgment on plaintiff's complaint against defendant, Joseph A. Giralamo, individually and as trustee of the Ralph Marrera Trust (trust). (In the separate litigation at issue here, plaintiff also filed the complaint against defendant in defendant's capacity as president, treasurer, and registered agent of Filmar, Inc. of Chicago (Filmar). Filmar is wholly owned by the trust and holds title to the trust property at issue—a multi-unit apartment building.) In the prior proceedings, plaintiff filed a complaint alleging that defendant breached his fiduciary duty as trustee of the Ralph Marrera Testamentary Trust (trust), and also demanding an accounting of the trust. *Marrera v. Giralamo*, 2017 IL App (1st) 162971-U, ¶ 5 (*Marrera I*). We found that the trust was created by a testamentary gift from Ralph Marrera's brother, Phillip Marrera. The trust was for Ralph's benefit, and when Ralph passed away the remainder of the trust would be devised to Phillip's surviving descendant, as per intestacy. Plaintiff is Ralph's daughter, and is Phillip's surviving heir after Ralph. *Id.* ¶ 4.

¶ 6    Following hearings on the parties' cross-motions for summary judgment, the trial court granted summary judgment in favor of defendant on plaintiff's claim that defendant breached his fiduciary duties as trustee. *Marrera I*, 2017 IL App (1st) 162971-U, ¶ 25. The trial court dismissed the count of plaintiff complaint demanding an accounting of the trust as moot, because defendant agreed to provide plaintiff with an accounting of defendant's actions as trustee. *Marrera I*, 2017 IL App (1st) 162971-U, ¶ 27. This court affirmed the trial court's judgment. *Marrera I*, 2017 IL App (1st) 162971-U, ¶ 28.

¶ 7    In June 2018 plaintiff filed a second amended complaint against defendant for breach of fiduciary duty related to the management of the trust. (The trial court granted defendant's motion to dismiss plaintiff's other counts in the complaint.) During the course of the litigation of plaintiff's complaint, on May 19, 2020, the trial judge in plaintiff's case issued an order granting defendant's motion for sanctions against plaintiff for failing to comply with discovery. The sanctions order noted that the case before the court (which is one of the consolidated cases in this appeal) was plaintiff's "third case against Defendant for his alleged mismanagement of the Ralph Marrera Trust." The order noted that the trial court granted summary judgment against plaintiff on her first breach of fiduciary duty claim (the judgment this court affirmed on appeal) and another case plaintiff filed against defendant was dismissed. The court found that in this case, plaintiff had "repeatedly refused to participate in the discovery process and failed to comply with discovery rules," "has repeatedly displayed bad faith in this litigation," and "effectively refused to participate in the discovery process." The court found sanctions to be appropriate and ordered that plaintiff "is barred from presenting any evidence in support of any claim in her second amended complaint. This sanction shall carry forward to any re-filed action by Plaintiff." The court denied defendant's motion to bar plaintiff from testifying in opposition to the allegations in defendant's counterclaim.

¶ 8 While plaintiff's case remained pending, on July 1, 2021, Guido Calcagno filed a complaint in the circuit court of Cook County against Ralph Marrera, the trust, defendant, and Filmar to foreclose a 2016 mortgage on the property owned by the trust through Filmar. The foreclosure complaint alleged the principal on the mortgage note was $55,000 and the accrued interest was approximately $103,000 for a total indebtedness, including fees, of $159,590.09.

¶ 9 On April 27, 2022, the trial court hearing plaintiff's complaint entered an order after a hearing on the status of plaintiff's previously filed motions and the closing of the sale of the property. The April 27, 2022, order found that the sale had closed and the proceeds had been deposited into an escrow account under the control of a Special Master. The court ordered that no distributions be made from the escrow account pending further order of the court, that all parties seeking payment from the funds in the escrow account had to file a petition setting forth their claim, and that plaintiff "shall incorporate the claims and objections presented in her Motions previously filed with the Court into her petition." The court further ordered that after all the petitions and objections thereto were filed, the Special Master "shall commence a series of Mediations with all claimants directed at reaching a resolution of the claims being made to the funds." The court ordered that Calcagno's claims "shall have priority in payment and shall be paid from the monies held in the [escrow account] prior to payment of any and all other claims."

¶ 10 On May 10, 2022, Calcagno filed an Amended Motion to Consolidate plaintiff's complaint for breach of fiduciary duty and Calcagno's mortgage foreclosure complaint. The motion to consolidate alleged that, "As a result of certain related litigation, the subject property of the above-captioned foreclosure case, [the trust property at issue,] has been sold and [Calcagno] has provided a release of his recorded mortgage." The motion to consolidate alleged that only Calcagno's breach of contract claim remained pending in Calcagno's case, and that in plaintiff's case against defendant, the trial court was "adjudicating various parties' claims

relative to the proceeds generated by the sale of the Property." The motion alleged that all of the parties to both matters, except plaintiff, approved and wished for the cases to be consolidated and that the trial judge on plaintiff's case had also approved the consolidation. The motion stated that plaintiff's position on consolidation "is unclear." The motion to consolidate said that plaintiff was making claims against the sales proceeds and on the last court date, plaintiff "sought to raise her various claims/objections with this Court [(the court hearing the foreclosure complaint).]" The motion stated, "those claims *** should be resolved there" (presumably, in plaintiff's case). Calcagno prayed the court consolidate the foreclosure case into plaintiff's case against defendant.

¶ 11    On May 18, 2022, and May 30, 2022, plaintiff filed petitions pursuant to the trial court's order for claims on the sale proceeds. Plaintiff's petitions complained of the trustee's conduct, alleged the trustee mismanaged the trust property, and alleged that the trustee engaged in self-dealing in concert with Calcagno. Plaintiff's petitions sought to deny the trustee and Calcagno any payment from the funds and claimed that the trustee "owes the trust/corporation over 1.5 million plus punitive/compensatory damages to the trust/corporation." Plaintiff's petitions sought various forms of relief generally seeking reimbursement for losses caused by the trustee's alleged mismanagement, punitive and compensatory damages for plaintiff, and an accounting and trial of the trustee's management of the trust.

¶ 12    On June 7, 2022, the trial court granted Calcagno's amended motion to consolidate. On June 10, 2022, plaintiff filed an objection stating that all of the parties' claims to the funds in escrow required a trial and a motion for a list of improvements to the property. The trial court entered subsequent orders that the parties may engage in discovery and continuing the matter.

¶ 13    On January 2, 2024, after a status hearing on settlement at which plaintiff appeared, the trial court in the consolidated case entered an order stating that Ralph Marrera, the trustee,

Calcagno, and the Special Master had, "subject to approval of the Court, agreed to a settlement of the *** matter." The order states that the parties agreed to mutual releases of all claims and to the distribution of the remaining sale proceeds being held by the Special Master, and delineates those disbursements. Those disbursements do not include a disbursement to plaintiff. The court stated that it had considered the proposal and reviewed the pleadings and conducted a pretrial settlement conference with all the parties. The court ordered the Special Master to make certain disbursements and further ordered, in pertinent part, that,

> "A.     Over the objection of the Contingent Beneficiary [(plaintiff,)] the Court finds the settlement as proposed above to be just, reasonable, equitable and hereby approves the settlement and finds that a distribution of the funds as provided under the terms of this Order would not be a breach of any fiduciary duty owed by the Trustee.
>
> * * *
>
> F.     That the objections of [plaintiff] to the above settlement and distribution of funds by the Special Master and Trustee are overruled for the following reasons:
>
> 1.     Plaintiff['s] ***claims of fraud, gross negligence, civil conspiracy as well as her claim for accounting presented in her Second Amended Complaint were dismissed *** on December 7, 2018.
>
> 2.     Thereafter, Plaintiff['s] remaining claim in her Second Amended Complaint of breach of fiduciary duty was voluntarily dismissed on her own Motion *** on November 20, 2019 subject to the Court's ruling on [defendant's] pending Motion For Sanctions.
>
> 3.     On May 19, 2020, [the trial court] granted [defendant's] Motion

For Sanctions by reason of [plaintiff's] 'repeated non-compliance with discovery rules' and imposed the following as an appropriate sanction:

'Plaintiff is barred from presenting any evidence in support of any claim in her second amended complaint. This sanction shall carry forward to any re-filed action by Plaintiff.'

4. On September 29, 2021, after considering the written Status Report and recommendations of the Special Master *** and with due notice to all parties herein [the trial court] entered an order For The Sale of Real Estate directing the property be sold and authorizing payment of $123,000 to [Calcagno] at closing with the balance of the proceeds be held in escrow by the Special Master pending adjudication of all further claims or further Order of the Court.

G. That in addition to the foregoing, [plaintiff] is only a contingent beneficiary of the [trust] and, thereby, *** has no right to prevent a distribution of funds the Trust derived from a Court authorized sale of the Trust's real estate and, thereafter, distributing the sales proceeds in a manner approved by the sole Beneficiary Ralph Marrera, and in a manner which the Court further finds is just, reasonable, and equitable and, thereby, does not violate any fiduciary duty owed by the Trustee.

H. That upon completion of the foregoing distributions by [the trustee,] the Trust Account shall be closed, the [trust] terminated and [defendant] shall be discharged as Trustee."

¶ 14 The trial court's order then dismissed the case with prejudice with the court "retaining

jurisdiction for the sole purpose of enforcing the terms of this Order." The court further ordered that the sanction entered against plaintiff "shall, however, stand and per the terms of that Order carry forward to any re-filed action by [plaintiff."]

¶ 15 This appeal followed.

¶ 16                                                    ANALYSIS

¶ 17 This is an appeal from an order entering judgment on a settlement agreement. "We review a trial court's decision to approve a settlement for an abuse of discretion ([citations.]), which 'is the most deferential standard of review—next to no review at all ***.' [Citations.] A trial court abuses its discretion where its ruling is so arbitrary or illogical that no reasonable person would adopt it." *Daniels v. ArvinMeritor, Inc.*, 2019 IL App (1st) 190170, ¶ 96.

¶ 18 On appeal, plaintiff attacks the settlement order on several grounds which can be categorized as (1) inadequate evidence (absence of an accounting of documentation of debts), and (2) the amount of the indebtedness on Calcagno's mortgage. Plaintiff also argues that pursuant to the terms of the will the trust cannot terminate until Ralph Marrera's death; and plaintiff was "never involved" on January 2, 2024, and all parties were not present on January 2, 2024, as evidenced by the fact multiple signature pages were used to sign the order. Plaintiff makes a passing reference to a lien or judgment plaintiff had that was never enforced (plaintiff does not cite any such lien or judgment in the record), and complains about the trustee's alleged mismanagement and collusion with Calcagno and the absence of sufficient documentation of the handling of the trust property. Plaintiff argues the settlement order must be reversed and the cause remanded for an accounting and trial.

¶ 19 Defendant's only response was to attack the sufficiency of plaintiff's *pro se* brief. Defendant argues that plaintiff's brief fails to comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020), making it "impossible for [defendant] to adequately respond in this matter."

Defendant argues that plaintiff's brief "should be stricken or dismissed and the appeal be denied."

¶ 20     Rule 341(h)(7) requires an appellant's brief to include an "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." IL S. Ct. R. 341(h)(7).

> "When an appellant's brief fails to comply with the requirements of Rule 341, this court has the discretion to strike the brief and dismiss the appeal. [Citation.] We recognize that striking a brief is a harsh sanction and is only appropriate where the violations of procedural rules hinder our review. [Citation.] *** We will not search the record for the purpose of finding error where an appellant has made no good-faith effort to comply with the supreme court rules governing the contents of briefs." *Litwin v. County of La Salle*, 2021 IL App (3d) 200410, ¶ 11.

¶ 21     We agree with defendant that plaintiff's opening brief fails to comply with Rule 341(h)(7); and we find that failure has seriously hindered this court's ability to review this appeal. Although plaintiff's "argument" contains scant references to the record, the argument is completely devoid of citation of any authorities. Plaintiff's "argument" is just a narrative about the case and plaintiff's complaints about the parties' conduct that plaintiff raised in the proceedings below. For that reason alone, we have the authority to strike plaintiff's brief and dismiss the appeal. *Id.*

¶ 22     We are cognizant of the fact plaintiff filed a motion to amend the opening brief and this court denied that motion, relying on plaintiff's ability to file a reply brief. Unfortunately, plaintiff's reply brief fares no better than plaintiff's opening brief. The reply brief contains *no* citations to the record, again omits any legal authority, and basically repeats plaintiff's narrative

from the opening brief.

¶ 23    More importantly, however, plaintiff makes no argument that might actually entitle plaintiff to have the judgment reversed or to any relief. First, the trial court sanctioned plaintiff from presenting any evidence in support of any claim in plaintiff's second amended complaint.

"Rule 219(c) authorizes a trial court to impose a sanction *** upon any party who unreasonably refuses to comply with any provisions of this court's discovery rules or any order entered pursuant to these rules. [Citations.] The decision to impose a particular sanction under Rule 219(c) is within the discretion of the trial court and, thus, only a clear abuse of discretion justifies reversal." *Shimanovsky v. General Motors Corp.*, 181 Ill. 2d 112, 120 (1998).

"[U]nder Rule 219(c), a trial court is authorized to bar testimony or other evidence if a party unreasonably refuses to comply with the relevant discovery rules, so long as the sanction imposed is just. [Citation.] Unreasonable noncompliance with a discovery rule has been defined by the courts as a deliberate and pronounced disregard for a discovery rule." *Shelbyville Mutual Insurance Co. v. Sunbeam Leisure Products Co.*, 262 Ill. App. 3d 636, 641 (1994).

"To determine if the trial court abused its discretion, a reviewing court must look to the criteria upon which the trial court relied in making its determination of an appropriate sanction." *Shimanovsky*, 181 Ill. 2d at 123.

¶ 24    In this case, the trial court relied on its findings that plaintiff had "repeatedly refused to participate in the discovery process and failed to comply with discovery rules," "has repeatedly displayed bad faith in this litigation," and "effectively refused to participate in the discovery process." On appeal, plaintiff offers one excuse for her failure to comply with discovery

10

(changing deposition dates) but does not address the trial court's findings of repeated refusals to participate or bad faith. We note that the trial court's order imposing sanctions found that with regard to the missed deposition, in the trial court plaintiff blamed a family member's illness but plaintiff "failed to timely apprise the parties or the Court." The order also found that additionally, plaintiff did not comply with written discovery and for almost a full year "provided no response to Defendant's first request for production and Rule 213(f) interrogatories." We find that the trial court found "deliberate and pronounced disregard for *** discovery rule[s]," making its sanction just. *Shelbyville Mutual Insurance Co.*, 262 Ill. App. 3d at 641. Plaintiff has made no attempt to demonstrate that the trial court abused its discretion in imposing the sanction on plaintiff. Plaintiff has not argued that plaintiff can present any evidence that would entitle plaintiff to the relief sought in this case.

¶ 25    Second, plaintiff has failed to attack the trial court's order approving and entering judgment on the parties' settlement. "A reviewing court will set aside a settlement agreement only if it is shown that the agreement was procured through coercion, duress, or fraud; or if the reviewing court finds that the agreement is contrary to any rule of law, public policy, or morals, ([citations]), or is unconscionable." *Flynn v. Flynn*, 232 Ill. App. 3d 394, 399 (1992).

> "Duress is defined as including the imposition, oppression, undue influence or the taking of undue advantage of the stress of another whereby one is deprived of the exercise of his free will. [Citation.] Evidence of duress must be clear and convincing in order for a court to set aside the agreement on this basis ([citation]), and the burden of proving duress is on the person asserting it ([citation])." *In re Marriage of Morris*, 147 Ill. App. 3d 380, 392 (1986).

¶ 26    The "fraud" to set aside a settlement must be fraud in the procurement of the settlement. See *Worthey v. Cleveland, Clevland, Cincinnati & St. Louis Ry. Co.*, 251 Ill. App. 585, 596

(1929) ("fraud which will obviate the necessity of the return of money paid in settlement for a release is the fraud of the party procuring the release"). To establish fraud, the party claiming fraud must demonstrate "a false representation of material fact, made with knowledge or belief of that representation's falsity, and made with the purpose of inducing another party to act or to refrain from acting, where the other party reasonably relies upon the representation to its detriment." *Enterprise Recovery Systems, Inc. v. Salmeron*, 401 Ill. App. 3d 65, 72 (2010), *Madison Associates v. Bass*, 158 Ill. App. 3d 526, 539 (1987). "[T]he burden of proving fraud is on the party asserting it, and *** evidence of fraud must be established by clear and convincing evidence and cannot be established upon mere suspicion." *In re Marriage of Burch*, 205 Ill. App. 3d 1082, 1088 (1990).

¶ 27    Plaintiff makes no argument that the settlement agreement was procured through coercion, duress, or fraud, or that it is unconscionable. Although plaintiff may be read to imply that the trustee and Calcagno engaged in fraud in the management of the trust property to secure its foreclosure and to accumulate debts they would have to be paid, plaintiff has alleged no facts in support of finding fraud in the procurement of the settlement itself. Plaintiff has not identified any misrepresentation of material fact made with knowledge of its falsity for the purpose of inducing plaintiff or any other party to act in the mediations with the Special Master. Plaintiff has not alleged that plaintiff was deprived of the exercise of their free will in the proceedings. This court sees no clear and convincing evidence of duress or fraud in the record. Moreover, the trial court's order finds that the settlement is "just, reasonable, [and] equitable." Plaintiff has made no arguments nor cited any legal authority to contradict the trial court's finding.

¶ 28    Finally, plaintiff's argument that the trust could not be terminated because Ralph Marrera is alive would fail. The language in the will on which plaintiff relies in support of the argument that the trust could only be terminated upon the death of Ralph Marrera reads as follows:

"The said trust created hereunder shall terminate upon the death of the said RALPH MARRERA and upon such termination the whole of the said trust estate shall be distributed to those persons who would be entitled to receive my personal intestate property in the same proportion as they would share if they survived me at my death."

¶ 29 The circuit court has the power to order a sale of trust property and direct that the proceeds of the sale be held under the terms of the trust and may modify the terms of the trust to prevent a total loss by the beneficiary. *Suiter v. McWard*, 328 Ill. 462, 466 (1927). The trustee's motion to authorize the sale of the property in this case states, in pertinent part, as follows:

"[I]t is in the best interests of the Trust and its sole beneficiary, Ralph Marrera, that the property be placed on the market and sold with the proceeds thereof to be used to pay all debts subject to adjudication thereof by the Court and the balance paid over to Ralph Marrera.

\* \* \*

[I]t is clear the proposal to purchase the property for $675,000 exceeds the appraised value of the property. In addition, as a result of the claims being made against the Trust along with the ongoing vacancy issue in the building as a result of which the property is incapable of generating sufficient income to all operating expenses such as real estate taxes and insurance, it is in the best interests of the Trust and its sole Beneficiary, Ralph Marrera, that the Trustee be authorized to execute the contract \*\*\* to sell the property for $675,000.00."

¶ 30 The trial court granted that motion and plaintiff has not attacked that order nor effectively refuted the evidence. The result of the proceedings below was to sell the property, that was subject to a foreclosure action and incapable of satisfying its debts, and to distribute the

proceeds, after payment of debts, to Ralph Marrera as sole beneficiary. Plaintiff has made only unsubstantiated claims about the value of the property that are not supported by citation to the record nor argued based on any legal authority. Regardless, Ralph Marrera and the trustee were parties to the settlement and had the right to sell the trust property. See *Campbell v. Campbell*, 2017 IL App (3d) 160619, ¶ 20, Restatement (Third) of Trusts § 65 (2003) ("if all of the beneficiaries of an irrevocable trust consent, they can compel the termination or modification of the trust."). The sale was proper.

¶ 31   "It bears repeating that '[a] reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented,' as the 'appellate court is not a depository in which the appellant may dump the burden of argument and research.' [Citation.]" *Arrizon v. TransUnion, LLC*, 2025 IL App (1st) 231911, ¶ 41. "An appellant's *pro se* status does not alleviate the duty to comply with our supreme court's rules governing appellate procedure." *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 7. "Our supreme court's rules are mandatory rules of procedure, not mere suggestions. [Citation.] A party's failure to abide by Rule 341 makes appellate review of his or her claim more onerous ([citation]) and may result in waiver ([citations])." *Menard v. Illinois Workers' Compensation Comm'n*, 405 Ill. App. 3d 235, 238 (2010).

> "Rule 341(h)(7) requires the appellant to present reasoned argument and citation to legal authority and to specific portions of the record in support of his claim of error. Ill. S. Ct. R. 341(h)(7). This rule is especially important because, when reviewing a case, the appellate court starts with the presumption that the circuit court's ruling was in conformity with the law and the facts. [Citations.] The appellant bears the burden of overcoming that presumption. [Citation.]" *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 15.

14

¶ 32    Plaintiff's noncompliance with Rule 341(h)(7) has seriously impeded our review of this case. Plaintiff has not overcome the presumption that the trial court's order was in conformity with the law and the facts. We exercise our discretion to strike plaintiff's brief. *Litwin*, 2021 IL App (3d) 200410, ¶ 11. We find that the trial court did not abuse its discretion and affirm the trial court's judgment.

¶ 33                              CONCLUSION

¶ 34    For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

¶ 35    Affirmed.